The STATE ex rel. MAHAN et al., Appellants,

v.

BOARD OF TRUSTEES, OHIO POLICE & FIRE PENSION FUND, Appellee.

[Cite as *State ex rel. Mahan v. Ohio Police & Fire Pension Fund Bd. of Trustees,* 156 Ohio App.3d 540, 2004-Ohio-1520.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 2003–T–0057.

Decided March 29, 2004.

Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Dennis Haines and Barry R. Laine, for appellants.

Jim Petro, Attorney General, and John T. Williams, Assistant Attorney General, for appellee.

DIANE V. GRENDELL, Judge.

{¶ 1} Richard Mahan, Bernard Profato, Raymond Gorby, Richard Dixon, George Kaniclides, and Robert Miller (together "the appellants") appeal from the March 17, 2003 judgment entry of the Trumbull County Court of Common Pleas granting Board of Trustees, Ohio Police & Fire Pension Fund's ("board") motion for summary judgment. For the reasons stated below, we affirm the judgment of the trial court in this matter.

{¶ 2} The appellants are all retired members of the Niles Police Department who retired between February 2000 and April 2002. Pursuant to the collective bargaining agreement, the appellants received "Retirement Incentive" payments prior to retirement. Throughout their careers, the appellants contributed a percentage of their salary, as well as a percentage of the "Retirement Incentive" payments, to the Ohio Police and Fire Pension Fund (the "fund"). Likewise, the city of Niles paid a percentage of each appellant's salary, as well as a percentage of the appellant's "Retirement Incentive" payments, to the fund.

{¶ 3} Upon the appellants' retirement, Niles submitted the requisite report of contributions to the board but failed to separately identify the "Retirement Incentive" contributions from the salary contributions of each of the appellants. Based on this information, the board calculated the appellant's interim payments, which are payments made while the fund determines the final payment. Eventually, the board received a proper report of contributions, identifying both the "Retirement Incentive" contributions and the salary contributions. Upon receipt of this information, the board revised its calculations, excluding the "Retirement Incentive" payments from the calculation.

{¶ 4} The board also determined that the appellants had received overpayments. The appellants were then notified that the board would be reducing their interim benefits and that the board would be seeking to recover the overpayments. The appellants filed a mandamus action in the Trumbull County Court of Common Pleas, as required by R.C. 742.46, seeking a writ directing the fund to

"recalculate [the appellants'] pension benefits by including the Retirement Incentive and paying [the appellants] all back amounts owed." The appellants claimed that the board should have included the "Retirement Incentive" in calculating their pensions.

{¶ 5} The appellants and the board filed motions for summary judgment. On March 17, 2003, the trial court denied the appellants' motion for summary judgment while granting the board's motion for summary judgment. The trial court found that "it is within the authority of [the board] to determine the components of their pension calculations. The [board] is making that determination in this particular instance. The Court finds that the evidence is not clear and convincing to support the use of this extraordinary remedy." Thus, the trial court dismissed the appellants' petition for mandamus.

{¶ 6} The appellants timely appealed and raise the following assignment of error:

{¶ 7} "The trial court erred by denying [the appellants'] motion for summary judgment, granting the motion for summary judgment filed by Respondent Fund, and dismissing the Petition."

{¶ 8} In their sole assignment of error, the appellants argue that those employees that elect to retire under R.C. 742.3716 are entitled to have terminal pay included in the calculation of pension. The appellants further claim that they retired under R.C. 742.3716 and that the "Retirement Incentive" constitutes terminal pay. Thus, appellants assert that the "Retirement Incentive" should have been included in calculating the appellants' pensions.

{¶ 9} Summary judgment is appropriate when there is "no genuine issue as to any material fact [and] * * * reasonable minds can come to but one conclusion," which is adverse to the nonmoving party. Civ.R. 56(C). In reviewing a motion for summary judgment, the court must construe the evidence in favor of the nonmoving party. Id. Moreover, an appellate court conducts a de novo review of the trial court's decision to grant summary judgment. *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243.

{¶ 10} "In order for a writ of mandamus to issue, it must be shown that there is a clear legal right to the relief prayed for, that there is a clear legal duty upon respondent to perform the requested action, and that the relator has no adequate remedy at law." *State ex rel. Ohio Assn. of Pub. School Emp./ AFSCME, Local 4, AFL–CIO v. Batavia Local School Dist. Bd. of Edn.* (2000), 89 Ohio St.3d 191, 198, 729 N.E.2d 743. "The facts submitted and the proof produced must be plain, clear, and convincing before a court is justified" in granting a writ of mandamus. *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 161, 40 O.O.2d 141, 228 N.E.2d 631.

{¶ 11} Since all parties agree that terminal pay should be included in the calculation of appellants' pension, the only issue is whether the "Retirement Incentive" payments constitute terminal pay such that appellants have a clear legal right to have the "Retirement Incentive" payments included in their pension calculation.

{¶ 12} Pursuant to R.C. 742.3716(B)(1), an eligible person can elect to have his or her pension "calculated on the basis of the member's recalculated average annual salary rather than the member's average annual salary." In so electing, the person forgoes any cost-of-living allowance. R.C. 742.3716(B)(3). " 'Recalculated average annual salary' means the highest average annual compensation of a member of the Ohio police and fire pension fund during any three years of contributions, *including amounts included in terminal pay* attributable to such three years." (Emphasis added.) R.C. 742.3716(A)(1)(b).

{¶ 13} R.C. 742.01(K)(2) defines "terminal pay" as "[p]ayments deferred more than one year compensating the employee for holidays worked or for longevity." " 'Longevity' is a regular, recurring payment received by an employee based on a years-of-service schedule." Ohio Adm.Code 742–3–02(B)(6). "Recur" is defined as "[t]o occur or come up again or repeatedly." Webster's II New College Dictionary (1999).

{¶ 14} The applicable collective bargaining agreements ("CBA") provide for "Longevity Pay" based upon a schedule of service. Longevity pay "shall be added to the employee's base hourly wage and after such addition, shall be undistinguished from the employee's base rate." The CBAs also provide for a separate "Retirement Incentive," based upon the number of years in service and payable at the time of retirement.

{¶ 15} At oral arguments, the appellants further argued that the definition of terminal pay, as contained in R.C. 742.01(K)(4), includes the "Retirement Incentive." R.C. 742.01(K)(4) defines terminal pay as:

{¶ 16} "Other payments that are not compensation for services rendered in the last pay period in which services were rendered *and* are designated as terminal pay by rule of the board of trustees of the Ohio police and fire pension fund. The board shall not designate as terminal pay payments deferred one year or less compensating an employee for holidays worked or for longevity." (Emphasis added.)

{¶ 17} In this case, the "Retirement Incentive" was not compensation for services rendered in the last pay period and was deferred for longer than a year and, thus, *could* be deemed terminal pay, but only if the board of trustees so designates. Id.; see, also, *State ex rel. Solomon v. Bd. of Trustees of the Police & Firemen's Disability & Pension Fund* (1995), 72 Ohio St.3d 62, 64, 647 N.E.2d 486 ("The administration, control, and management of the fund is vested in the

board."). The record fails to indicate that the board of trustees has designated the "Retirement Incentive" as terminal pay. Thus, the definition of "terminal pay" contained in R.C. 742.01(K)(4) does not encompass the "Retirement Incentive."

{¶ 18} We find that, because the "Retirement Incentive" is not a regular, recurring payment, it is not compensation for longevity, as defined in Ohio Adm.Code 742-3-02(B)(6). Thus, pursuant to R.C. 742.01(K)(2), the "Retirement Incentive" is not terminal pay. Moreover, because there is no indication that the board has designated the "Retirement Incentive" as terminal pay, the "Retirement Incentive" does not fall within the parameters of R.C. 742.01(K)(4). Since the "Retirement Incentive" is not terminal pay, it is not to be included in the recalculated average annual salary and, thus, it should not be considered in calculating the appellants' pension. We, therefore, find that the trial court did not err in finding that the appellants did not clearly establish a legal right to have the "Retirement Incentive" included in their pension calculation.[1]

{¶ 19} For the foregoing reasons, we hold that the appellants' sole assignment of error is without merit. The judgment of the Trumbull County Court of Common Pleas is affirmed.

Judgment affirmed.

JUDITH A. CHRISTLEY and CYNTHIA WESTCOTT RICE, JJ., concur.

---

1. It must be noted that, in so finding, we do not express an opinion as to the merits of any potential collateral claim, if any, that the appellants may have against the board. Rather, our holding is limited to the conclusion that the appellants are not entitled to the extraordinary remedy of a writ of mandamus.