OPINION
{¶ 1} Petitioner-appellant, James Farmakis ("Farmakis"), appeals the April 15, 2004 judgment of the Ashtabula County Court of Common Pleas, dismissing his Petition for a Writ of Mandamus. We affirm the decision of the trial court.
 {¶ 2} Since 1974, Farmakis has been the owner of certain real estate located in the City of Conneaut, Ohio, known as Conneaut Shores Golf Course ("Conneaut Shores"), first as a shareholder and investor in the Town House Corporation of America, a Florida Corporation, and later as the corporation's successor in interest.
 {¶ 3} In his petition for mandamus, Farmakis averred that after the property was acquired, he entered into an agreement with Respondent-appellee, the City of Conneaut ("the City"), whereby Conneaut Shores was to be rezoned to an R-4 designation, in exchange for his deeding of a portion of the Conneaut Shores property to the City for use as a fire station. The purpose of this zoning change was to allow Farmakis to develop the Conneaut Shores property with multi-unit condominiums. This agreement was effectuated through the passage of Conneaut City Ordinance 67-74. At an unspecified time subsequent to the conveyance of the land, Farmakis claims that the City, without notice and contrary to the intent of the agreement of the parties, converted the fire station property into a recycling center, and unilaterally changed the zoning maps and designation for the area containing Conneaut Shores from R-4 back to R-2, thus preventing the development of condominiums on his property. In 1982, Farmakis claims that the City adopted yet another zoning map "contrary to the agreement of the parties," which constituted a further "taking and conversion of the property * * * by the `redrawing' of the zoning map." In 1999, Farmakis sought a land use variance, requesting that the Conneaut Shores property be converted from an R-2 to an R-4 zoning designation. While initially approved by the City Planning Commission, the variance request was subsequently denied by City Council.
 {¶ 4} On December 15, 2003, Farmakis filed a Petition for a Writ of Mandamus in the Ashtabula County Court of Common Pleas. The petition requested that the court order the City to grant him a land use variance to develop Conneaut Shores consistent with the R-4 zoning designation.
 {¶ 5} On April 2, 2004, the City filed a motion to dismiss the mandamus petition pursuant to Civ.R. 12(B)(6), arguing that the petition failed on its face, since Farmakis already had pursued an "adequate remedy at law" by filing a civil complaint. In lieu of a responsive pleading, Farmakis moved to consolidate the mandamus action with his civil complaint under Civ.R. 42(A).
 {¶ 6} On April 15, 2004, the trial court entered its judgment dismissing Farmakis' petition for mandamus, finding that, on the face of the petition, Farmakis failed to establish a "clear legal right to the relief sought;" that the City was "not under a clear legal duty to perform the act requested;" and that Farmakis had an "adequate remedy" in the civil complaint. Farmakis now appeals, alleging two assignments of error:
 {¶ 7} "[1.] The trial court erred to the prejudice of plaintiff-appellant in denying plaintiff-appellant's Motion to Consolidate without a hearing.
 {¶ 8} "[2.] The trial court erred to the prejudice of plaintiff-appellant in dismissing the Petition for the Writ of Mandamus."
 {¶ 9} In the interest of judicial economy, we will address the second assignment of error first. In his second assignment of error, Farmakis argues that the trial court erred in dismissing his petition for mandamus. We disagree.
 {¶ 10} R.C. 2731.04 governs applications for a writ of mandamus, and states, in relevant part, "[a]pplication for the writ of mandamus must be by petition, in the name of the state on the relation of the personapplying * * *." (Emphasis added). A cursory review of Farmakis' petition readily indicates that it was not brought in the name of the state. It is well-settled precedent in this court that a failure to maintain a mandamus action "in the proper name is a sufficient basis, in and of itself, to dismiss the petition." Sardich v. State, 11th Dist. No. 2002-T-0003, 2002-Ohio-2667, at ¶ 4; State v. Jones (Oct. 17, 1997), 11th Dist. No. 97-T-0124, 1997 Ohio App. LEXIS 4672, at *2; Cunninghamv. Costanzo (Jun. 9, 2000), 11th Dist. No. 99-T-0176, 2000 Ohio App. LEXIS 2524, at *2; Rome Rock Assn., Inc. v. Warsing, 11th Dist. No. 90-A-1565, 1991 Ohio App. LEXIS 862, at *2; Coles v. Kontos (Aug. 1, 1997), 11th Dist. No. 97-T-0111, 1997 Ohio App. LEXIS 3440, at *2 (holding that a failure to bring the mandamus action in the name of the state, "requires a dismissal of the petition for mandamus.") Therefore, the trial court could have dismissed the petition solely on these grounds.
 {¶ 11} However, in addition to finding the petition facially deficient, the trial court went on to address the merits of Farmakis' claim and held that the petition was insufficient, as a matter of law, to state a claim in mandamus. We agree.
 {¶ 12} In reviewing a judgment that grants a Civ.R. 12(B)(6) motion to dismiss, we must "independently review the complaint to determine whether the dismissal was appropriate." Ferreri v. The Plain Dealer PublishingCo. (2001), 142 Ohio App.3d 629, 639, citing Greeley v. Miami ValleyMaintenance Contractors, Inc. (1990), 49 Ohio St.3d 228; State ex rel.Hayes v. Simmons (Aug. 15, 1997), 11th Dist. No. 96-G-2039, 1997 Ohio App. LEXIS 3667, at *5. ("[t]he ruling on a Civ.R. 12(B)(6) motion is a question of law, thereby requiring an appellate court to apply a de novo
standard of review.") In conducting this review, the appellate court must accept as true, "[t]he factual allegations of the complaint and items properly incorporated therein * * *. Furthermore, the plaintiff must be afforded all reasonable inferences possibly derived therefrom. * * * It must appear beyond doubt that [the] plaintiff can prove no set of facts entitling [him] to relief." Vail v. The Plain Dealer Publishing Co.,72 Ohio St.3d 279, 280, 1995-Ohio-187 (internal citations omitted).
 {¶ 13} In order for a writ of mandamus to issue, a petitioner must demonstrate (1) a clear legal right to the relief prayed for; (2) a clear legal duty upon respondent to perform the requested action; (3) that the relator has no adequate remedy at law. Mootispaw v. Eckstein,76 Ohio St.3d 383, 385, 1996-Ohio-389; State ex rel. Howard v. Ferreri,70 Ohio St.3d 587, 589, 1994-Ohio-130; State ex rel. Mahan v. Bd. ofTrustees Ohio Police Fire Pension Fund, 156 Ohio App.3d 540,2004-Ohio-1520, at ¶ 10 (citation omitted). All three elements of the test must be satisfied. Moreover, "`[t]he facts submitted and the proof produced must be plain, clear, and convincing before a court is justified' in granting a writ of mandamus." Id. citing State ex rel. Pressley v.Indus. Comm. (1967), 11 Ohio St.2d 141, 161.
 {¶ 14} Farmakis, relying on the Ohio Supreme Court's decision in Stateex. rel. Shemo v. Mayfield Hts., 95 Ohio St.3d 59, 2002-Ohio-1627, argues that he had a legal right to a zoning decision based upon the advancement of a legitimate state interest founded on the protection of a community's health, safety, or welfare, and the city, therefore, had a corresponding duty to allow him to develop his land under an R-4 zoning designation. In effect, he is arguing that the City's decision to alter the zoning maps was an unconstitutional taking of his property. Farmakis' reliance onShemo is misplaced.
 {¶ 15} In Shemo, the relator sought a writ of mandamus to compel the City of Mayfield Heights to commence appropriation proceedings to determine the amount of compensation related to the city's alleged taking by means of an unconstitutional zoning law." Id at 63-64. The Supreme Court determined that in order to establish a the application of zoning regulations to a particular piece of property constituted a compensable taking, the relator must show that the ordinance either, (1) "does not substantially advance legitimate state interests," or (2) "denies an owner economically viable use of his land." Id (citations omitted). The Court held that the satisfaction of either prong of this test established a taking, and determined that since the relator had established in a previous declaratory judgment action that city's residential zoning ordinance as applied against the relator's property was unconstitutional, a taking had occurred. As a result, the Supreme Court found that the writ of mandamus should issue to commence an inverse condemnation action to determine the value of the property right taken by the municipality's unconstitutional zoning.
 {¶ 16} In the instant matter, Farmakis argues that the City's changing of the official zoning maps without notice or hearing resulted in an illegal taking of his property. We note, at the outset, that zoning regulations, as opposed to zoning maps, control as to whether there is a valid zoning designation. Kroeger v. Standard Oil Co. of Ohio, Inc (Aug. 7, 1989), 12th Dist. Nos. CA88-11-086 and CA88-11-087, 1989 Ohio App. LEXIS 3091, at *19, citing In re Application of McDaniels Motor Co.
(1962), 116 Ohio App. 165, 170. Furthermore, unlike Shemo, there has been no declaratory judgment action determining that the application of the current zoning regulation to his property was unconstitutional. Farmakis' allegations that the zoning designation served no legitimate public purpose is merely an assertion at this time. It is axiomatic that "[z]oning regulations are presumably valid and constitutional." ZeltigLand Development Corp. v. Bainbridge Twp. Bd. of Trustees (1991),75 Ohio App.3d 302, 306. To invalidate a zoning ordinance on constitutional grounds, the party attacking the regulation must establish the unconstitutionality of the regulation beyond fair debate. Gerijo,Inc. v. Fairfield, 70 Ohio St.3d 223, 1994-Ohio-432 at syllabus. Farmakis has not even attempted to meet this burden.
 {¶ 17} Nevertheless, even accepting the facts alleged by Farmakis as true and sufficient to support the finding of a compensable taking, such a taking does not automatically invalidate or change the zoning designation of a parcel of land. As in Shemo, Farmakis' remedy as to the zoning designation is a declaratory judgment action. Therefore, Farmakis has failed to show that he had no other adequate remedy at law. A City Council's denial of a request to amend a zoning ordinance is a legislative decision, subject to attack by means of a declaratory judgment action under R.C. Chapter 2721, rather than an administrative appeal under R.C. 2506.01. Terry v. Strongsville (Aug. 3, 2000), 8th Dist. Nos. 76741, 77168, 2000 Ohio App. LEXIS 3514, at *6-*7; AuxierTrucking v. Tate Twp. Bd. of Trustees, 12th Dist. No. CA2001-01-012, 2001-Ohio-8631, 2001 Ohio App. LEXIS 5866, at *9; see, also, Karches v.Cincinnati (1988), 38 Ohio St.3d 12, 15-16 (discussing the different means of attacking the constitutionality of zoning decisions). From the face of the petition itself, it is clear that Farmakis was pursuing an adequate remedy at law at the time the petition for mandamus was filed. The petition states that "[d]espite extensive discovery in a collateral action, not one representative of the respondent, City, has expressed any concern that the multiple unit dwelling as proposed by petitioner were detrimental to the health, safety and welfare of the citizens of Conneaut." (emphasis added). Farmakis acknowledges as much by filing a motion to consolidate the mandamus action with the civil action, in response to the City's motion to dismiss. Since the application was not filed in the proper name, and the petition failed to demonstrate that Farmakis was without an adequate remedy at law, the trial court did not err in dismissing his petition. Farmakis' second assignment of error is without merit.
 {¶ 18} Since we find, under the second assignment of error, that the court properly dismissed Farmakis' mandamus petition, Farmakis' first assignment of error related to joinder of his claims is rendered moot.
 {¶ 19} For the foregoing reasons, we affirm the judgment of the Ashtabula County Court of Common Pleas.
Ford, P.J., O'Neill, J., concur.