{¶ 37} I concur in the judgment affirming the decision of the Painesville Township Board of Zoning Appeals ("BZA") denying a use variance in this case, but for other reasons.
 {¶ 38} A party that purchases a property with knowledge of zoning restrictions cannot claim unnecessary hardship caused by those restrictions for purposes of a use variance. Kisil v. Sandusky (1984),12 Ohio St.3d 30, 33; Norris v. Chester Twp. Bd. of Trustees (Aug. 16, 1991), 11th Dist. No. 90-G-1585, 1991 Ohio App. LEXIS 3885, at *8-*9.
 {¶ 39} In this case, the subject property was zoned I-1 when appellant purchased it in 1994. Thus, appellant can only seek to obtain a re-zoning by either legislative means or by challenging the constitutionality of the zoning classification through a declaratory judgment action. Karchesv. Cincinnati (1988), 38 Ohio St.3d 12, 15-16; Farmakis v. Conneaut, 11th Dist. No. 2004-A-0031, 2005-Ohio-3776, at ¶ 17.
 {¶ 40} As the majority correctly notes, there is no unnecessary hardship "unless the property is unsuitable for any of the uses permitted by the zoning resolution." In re: Appeal of DiNardo Constr., Inc., (Mar. 31, 1999), 11th Dist. No. 98-G-2138, 1999 Ohio App. LEXIS 1430 at *5 (emphasis added). In this case, appellant was using a portion of the property for the operation of a construction business at the time of the application for the use variance. Such use affirmatively demonstrated that the property was suitable for a use permitted by the existing zoning designation.
 {¶ 41} Appellant's first assignment of error lacks merit.
 {¶ 42} Appellant's claim that the current I-1 zoning as applied to appellant's five-acre parcel of real estate constitutes an unconstitutional "taking" also is without merit.
 {¶ 43} The application of a zoning ordinance to a particular parcel of land will not be deemed an unconstitutional taking unless it is determined that the zoning designation denies the landowner all economically viable use of the land. State ex rel. Shemo v. MayfieldHts. 95 Ohio St.3d 59, 63, 2002-Ohio-1627.[2] In determining whether a parcel of land has been deprived of all economically viable use, the challenger to the constitutionality of the ordinance must show that "thepermitted uses are not economically feasible, are highly improbable, or are practically impossible under the circumstances." Dingeldine BasicMaterials, Inc. v. Butler Cty. Bd. of Zoning Appeals (Mar. 29, 1999), 12th Dist. No. CA98-08-171, 1999 Ohio App. LEXIS 1415, at *17 (emphasis added).
 {¶ 44} In this case, the five acres at issue is part of a 26-acre site. As previously mentioned, the site was not deprived of all economic use since a portion was being used for a construction business operated by appellant, which is a permitted use under the current zoning designation. Since "[a] landowner does not have a right to have his land zoned for its most advantageous economic use," Smythe v. Butler Twp.
(1993), 85 Ohio App.3d 616, 621, and appellant has not claimed that the current zoning plan fails to substantially advance a legitimate state interest, the zoning, as applied to appellant's property, is not an unconstitutional taking.
 {¶ 45} Finally, appellant failed to request a hearing on her unconstitutional taking claim at the trial court level, and did not assign this issue as error on appeal. Under these circumstances, the trial court's failure to conduct an evidentiary hearing on this issue does not constitute error.
 {¶ 46} Appellant's second assignment of error is without merit.
 {¶ 47} For these reasons, the judgment of the Lake County Court of Common Pleas should be affirmed.
[2] In Shemo, the Ohio Supreme Court also recognized the failure to substantially advance a legitimate state interest as a separate basis for finding an unconstitutional taking. Subsequently, the U.S. Supreme Court has rejected this basis for a takings claim. Lingle v. Chevron U.S.A.,Inc. (2005), 125 S.Ct. 2074, 2085, ___ U.S. ___.