PER CURIAM OPINION
{¶ 1} The instant matter is an original action in which relator, Alan M. Francis, seeks the issuance of an order pertaining to his treatment in the Trumbull County Jail. As the primary basis for his claim, relator states that the jail staff, under the supervision of respondent, Sheriff Thomas L. Altiere, has improperly refused to allow him to submit written grievances in accordance with general jail policy. He further asserts that he has been harassed by the staff and has been denied certain medications. Based upon this, *Page 2 
he submits that he has been subjected to cruel and unusual punishment.
 {¶ 2} A review of relator's complaint shows that he has captioned the document as a "Petition for Right to Grieve." Furthermore, this court would note that his prayer for relief does not contain a reference to any of the five writs which we have the ability to grant pursuant to our original jurisdiction. See Section 3(B)(1), Article IV of the Ohio Constitution. Nevertheless, it is readily apparent from relator's allegations that he seeks an order which would require respondent and his staff to afford him proper treatment. To the extent that relator is attempting to compel respondent to satisfy certain alleged legal duties, this court concludes that relator's petition can be construed as attempting to set forth a supposed claim for a writ of mandamus.
 {¶ 3} A mandamus action is governed by the provisions in R.C. Chapter 2731. As to the requirements for a proper mandamus petition, R.C. 2731.10 provides that the original pleading must be brought "in the name of the state on the relation of the person applying, * * *." In applying this statute, this court has held that bringing the mandamus claim in the name of the state is a mandatory requirement, and that the failure to follow this procedure is a sufficient reason, in and of itself, to dismiss such a case. Farmakis v. City of Conneaut, 11th Dist. No. 2004-A-0031, 2005-Ohio-3776, at ¶ 10. It has been further held that, even if a violation of R.C. 2731.10 is not raised in a motion to dismiss, the lack of compliance can still form the basis of a sua sponte dismissal. Cunningham v. Costanzo (June 9, 2000), 11th Dist. No. 99-T-0176, 2000 Ohio App. LEXIS 2524.
 {¶ 4} Of the five actions over which this court has original jurisdiction, relator's allegations in the instant petition can only be interpreted as stating a possible claim for one such action; i.e., a proceeding in mandamus. However, in submitting his petition to *Page 3 
this court, relator has failed to satisfy the basic statutory requirement for maintaining a mandamus case. That is, a review of his petition readily shows that he has not brought this action in the name of the state, as mandated under R.C. 2731.10. Thus, pursuant to the express precedent of this court, the dismissal of relator's petition is warranted.
 {¶ 5} As an aside, this court would indicate that, as a separate basis for moving to dismiss relator's petition, respondent has asserted that this action should not proceed because relator has instituted a similar proceeding concerning his treatment before a federal district court. In raising this particular point, though, respondent did not attach to his motion any evidentiary materials verifying the existence of the federal action. More importantly, we would emphasize that there is some precedent for the proposition that if the concurrent actions are "in personam" in nature, the mere existence of a federal case does not necessarily deprive the state court of jurisdiction to proceed. SeeHuntington Mort. Corp. v. Shanker (1993), 92 Ohio App.3d 144, 152.
 {¶ 6} Nevertheless, even though respondent did not assert a proper reason for dismissing this action, the lack of compliance with R.C. 2731.10 is a sufficient basis for dismissal. Therefore, it is the sua sponte order of this court that relator's entire petition for relief is hereby dismissed.
CYNTHIA WESTCOTT RICE, J., COLLEEN MARY O'TOOLE, J., MARY JANE TRAPP, J., concur. *Page 1