OPINION
{¶ 1} Appellant, The State ex rel. James Farmakis, Successor in Interest to Townhouse Corporation, appeals from the February 1, 2008 judgment entry of the Ashtabula County Court of Common Pleas, finding in favor of appellee, The City of Conneaut, Ohio, and against appellant, upon appellant's complaint for declaratory judgment. *Page 2 
 {¶ 2} Since 1974, appellant has been the owner of certain real estate located in the city of Conneaut, Ohio, known as Conneaut Shores Golf Course ("Conneaut Shores"). Appellant sought to have the property rezoned from an R-2 to an R-4 designation, to permit the construction of multi-unit housing. He did not intend to be the developer for the property at issue, but believed that rezoning it would make it more marketable and that it could ultimately be sold at a higher price.
 {¶ 3} On December 15, 2003, in Case No. 2003 CV 1199, appellant filed a petition for a writ of mandamus, requesting that the court order appellee to grant him a land use variance to develop Conneaut Shores consistent with an R-4 zoning designation. On April 2, 2004, appellee filed a motion to dismiss pursuant to Civ. R. 12(B)(6). On April 15, 2004, the trial court dismissed appellant's petition. It was from that judgment that appellant filed his first appeal with this court, Case No. 2004-A-0031.
 {¶ 4} On July 22, 2005, we affirmed the judgment of the trial court.Farmakis v. Conneaut, 11th Dist. No. 2004-A-0031, 2005-Ohio-3776.
 {¶ 5} On December 12, 2005, appellee denied appellant's rezoning request, asserting that the R-4 classification would be a detriment to the health, safety, and welfare of the city. More specifically, appellee denied appellant's request because it was not consistent with appellee's comprehensive plan; appellee may not be able to provide adequate drainage, sewer, and water supply for multi-unit dwellings; and appellant could not provide a specific plan for how the property would be developed if the proposed rezoning were granted.
 {¶ 6} On August 25, 2006, appellant filed a complaint for declaratory judgment against appellee, claiming that appellee's zoning ordinance, restricting the use of *Page 3 
appellant's property to R-2 single family dwelling, is unconstitutional. Appellee filed an answer on November 6, 2006.
 {¶ 7} On March 2, 2007, appellant filed a motion for summary judgment pursuant to Civ. R. 56. Appellee filed a response on March 16, 2007. Pursuant to its July 6, 2007 judgment entry, the trial court overruled appellant's motion for summary judgment.
 {¶ 8} A bench trial was held on August 22, 2007.
 {¶ 9} At the bench trial, testimony revealed that the property in question is zoned R-2. Appellant's counsel argued that appellee offered no proof that the property was ever zoned away from an R-4 multi-unit dwelling designation. Also, appellant's representative alleged that appellant was never given any notice of the action, apparently in 1982, to change the zoning designation from R-4 to R-2.
 {¶ 10} Appellant's Exhibit F purports to be a copy of an ordinance passed by the Conneaut City Council on April 8, 1974, rezoning some ninety-one acres of land, including Conneaut Shores, from R-2/R-3 to R-4. Appellant's Exhibit G is a copy of an October 11, 1994 memo from William Johnston ("Johnston"), Housing/Zoning Inspector, to Robert Herron ("Herron"), the City Manager, stating that the property was zoned R-4. Appellant's Exhibit H is an April 27, 1999 letter appellant received from Johnston, indicating that the zoning designation was changed from R-4 to R-2, by Ordinance No. 33-82, which was passed and approved on February 25, 1982.
 {¶ 11} Pursuant to its February 1, 2008 judgment entry, the trial court found in favor of appellee and against appellant, upon appellant's complaint for declaratory judgment. The trial court held that appellant failed to present evidence sufficient to satisfy his burden of proof to declare the existing zoning classification of Conneaut Shores unconstitutional. It *Page 4 
is from that judgment that appellant filed the instant appeal, asserting the following assignments of error for our review:
 {¶ 12} "[1.] The trial court erred to the prejudice of [appellant] in relying on the contents of zoning maps and an Ordinance never produced on the record and contrary to the specific zoning ordinance that was of record.
 {¶ 13} "[2.] The trial court erred to the prejudice of [appellant] in relying in ruling against [appellant] on [d]eclaratory [j]udgment, where [appellant] has a clear legal right to zoning based on the lack of any legitimate advancement of a state interest founded on the protection of the community's health, safety or welfare."
 {¶ 14} In his first assignment of error, appellant argues that the trial court erred by relying on the contents of zoning maps and an ordinance never produced on the record and contrary to the specific zoning ordinance that was of record. He stresses that the trial court erred in ruling against him on his complaint for declaratory judgment where he exhausted all possible remedies prior to filing the action. Appellant maintains that his property was zoned R-4 at all times but the trial court went off record to determine there was a valid change, relying on alleged maps not of record and an ordinance never produced by appellee.
 {¶ 15} R.C. 2721.03, the declaratory judgment statute, provides in part: "* * * any person whose rights, status, or other legal relations are affected by a * ** statute * * * may have determined any question of construction or validity arising under the * * * statute * * * and obtain a declaration of rights, status, or other legal relations under it."
 {¶ 16} "In order to obtain declaratory relief, [a] plaintiff must establish (1) a real controversy between the parties, (2) a justiciable controversy, and (3) that speedy relief is necessary to preserve the rights of the parties. * * * Inherent in these requirements is the *Page 5 
principle that Ohio courts do not render advisory opinions." R.A.S.Entertainment, Inc. v. Cleveland (1998), 130 Ohio App.3d 125, 128, citing Burger Brewing Co. v. Ohio Liquor Control Comm. (1973),34 Ohio St.2d 93; Haig v. Ohio State Bd. of Edn. (1992), 62 Ohio St.3d 507;Egan v. National Distillers Chemical Corp. (1986), 25 Ohio St.3d 176;Armco, Inc. v. Pub. Util. Comm. (1982), 69 Ohio St.2d 401.
 {¶ 17} "The purpose of a zoning ordinance is to limit the use of land in the interest of the public welfare." Smith v. Juillerat (1954),161 Ohio St. 424, 428. A township's power to regulate may include the power to prohibit a use. E. Fairfield Coal Co. v. Booth (1957),166 Ohio St. 379, 382, citing Juillerat, supra. "`* * * [W]hether the power exists to forbid the use must not be considered abstractly, but in connection with all the circumstances and locality of the land itself and its surroundings.'" Booth, supra, at 382, quoting Euclid v. Ambler RealtyCo. (1926), 272 U.S. 365, 387.
 {¶ 18} In the case at bar, appellant stresses that the zoning map was not introduced at trial. However, we note that "* * * zoning regulations, as opposed to zoning maps, control as to whether there is a valid zoning designation." Farmakis, 2005-Ohio-3776, at ¶ 16.
 {¶ 19} Section 1105.02 of the Conneaut Zoning Code indicates that a proposed amendment of the zoning text or map may be initiated by the planning commission; by council; or by application of a majority of the owner(s) of the property site to be changed or affected by the proposed amendment.
 {¶ 20} When an application is filed, notice must be given to property owner(s) within the petitioned site and within two hundred feet of the rezoning site. However, neither council nor the planning commission is required to file an application when it seeks to amend the Zoning Code. *Page 6 
 {¶ 21} Section 1105.01 of the Conneaut Zoning Code provides:
 {¶ 22} "The Conneaut City Council may by ordinance, after receipt of recommendation from the Planning Commission and following the required public hearing held by City Council, amend, supplement, change, or repeal the regulations, restrictions, and/or zoning district boundaries or classifications of property whenever the public necessity, convenience, general welfare, provision of the Comprehensive Plan, or good zoning practices require."
 {¶ 23} Section 1105.03 of the Conneaut Zoning Code states in part:
 {¶ 24} "(a) The Planning Commission must act upon each proposed amendment prior to the consideration of same by Council. A request for amendment may arrive before the Commission in three (3) ways.
 {¶ 25} "(1) The adoption of a motion by the Planning Commission.
 {¶ 26} "(2) The adoption of a resolution by Council, and subsequent transfer to the Planning Commission.
 {¶ 27} "(3) The filing of an application by the property owner(s) or any other person having an interest in the premises affected."
 {¶ 28} R.C. 713.12 imposes certain notice requirements before the legislative authority of a municipal corporation can pass zoning amendments. However, R.C. 713.121 requires that any action which challenges a zoning ordinance must be brought within two years after the adoption of the ordinance.
 {¶ 29} Here, for the notice requirement to be applicable, the zoning amendment must have been initiated by a property owner or other interested party by filing an application. It does not apply to an amendment initiated by council or the planning commission. Again, *Page 7 
Johnston, the Housing/Zoning Inspector, issued a memo on October 11, 1994 to Herron, the City Manager, stating that the property was zoned R-4. On April 27, 1999, Johnston sent a letter to appellant, indicating that the zoning designation was changed from R-4 to R-2, by Ordinance No. 33-82, adopted February 25, 1982.[1] At the very least, appellant received actual notice pursuant to Johnston's April 27, 1999 letter of the zoning change. We agree with the trial court, which stated in its February 1, 2008 judgment entry, that "[t]he trial of this case appears to be the first time he has made any objection to a change in zoning or otherwise challenged the current zoning designation on the grounds that he was never given notice of the action to change it from R-4 to R-2."
 {¶ 30} Additionally, we note that a municipal zoning ordinance enjoys a strong presumption of validity. Central Motors Corp. v. PepperPike (1995), 73 Ohio St.3d 581, 583-584. The party seeking to have the zoning ordinance declared unconstitutional bears the burden of proof. Id. at 584. "* * * [I]n order to invalidate a zoning ordinance on constitutional grounds, the party attacking the regulation must establish, beyond fair debate, that the zoning classification denies the owner an economically viable use of the zoned property and that the zoning classification fails to advance a legitimate governmental interest." Id. "* * * [T]here is little difference between the `beyond fair debate' standard and the `beyond a reasonable doubt' standard."Central Motors, supra, at 584, citing Karches v. Cincinnati (1988),38 Ohio St.3d 12, 19, fn. 7.
 {¶ 31} In the instant case, appellant has failed to meet his burden. Appellee's zoning ordinance, as applied to Conneaut Shores, is constitutional. The record reveals that appellant does not intend to develop the property himself, but rather seeks to have the zoning designation changed so that he can ultimately market and sell it for a higher price. *Page 8 
We stress that there are no plans available that could be viewed for various public concerns. The trial court did not err by ruling against appellant on his complaint for declaratory judgment.
 {¶ 32} Appellant's first assignment of error is without merit.
 {¶ 33} In his second assignment of error, appellant again contends that the trial court erred by finding in favor of appellee and against him, upon his complaint for declaratory judgment. He maintains that he has a clear legal right to R-4 multi-unit zoning based on the lack of any legitimate evidence of an advancement of a state interest founded on the protection of the community's health, safety or welfare.
 {¶ 34} "Courts should not interfere with zoning decisions unless the municipality exercised its power in an arbitrary and unreasonable manner and the decision has no substantial relation to the public health, safety, morals, or general welfare." Jaylin Investments, Inc. v.Moreland Hills, 107 Ohio St.3d 339, 2006-Ohio-4, at ¶ 10. "In a constitutional analysis, the object of scrutiny is the legislative action. The zoning ordinance is the focal point of the analysis, not the property owner's proposed use, and the analysis begins with a presumption that the ordinance is constitutional. The analysis focuses on the legislative judgment underlying the enactment, as it is applied to the particular property, not the municipality's failure to approve what the owner suggests may be a better use of the property." Id. at ¶ 18.
 {¶ 35} "In an appeal from a denial of a zoning variance, * * * `evidence that the removal of a zoning restriction would result in an increase in the value of the affected land is relevant (* * *), but as a general rule such evidence does not, of itself, render the board's denial unreasonable, arbitrary, capricious or unconstitutional.' C. MillerChevrolet, [Inc. v. *Page 9 Willoughby Hills (1974),] 38 Ohio St.2d [298] at 302-303 * * *. This principle equally applies in an action for declaratory judgment that challenges the constitutionality of a zoning ordinance, as applied."Jaylin, supra, at ¶ 25. (Parallel citation omitted).
 {¶ 36} In the case sub judice, appellee demonstrated a legitimate governmental interest in retaining a zoning classification that limits the use to single family dwellings. Again, appellee denied appellant's rezoning request because it was not consistent with appellee's comprehensive plan; appellee may not be able to provide adequate drainage, sewer, and water supply for multi-unit dwellings; and appellant could not provide a specific plan for how the property would be developed if the proposed rezoning were granted. Also, appellant does not allege that the current zoning classification denies him all economically viable use of his property, but rather that it prevents him from maximizing the economic benefits he could possibly derive if the zoning permitted multi-family dwellings. Clearly, appellant failed to meet his burden of proof.
 {¶ 37} Appellant's second assignment of error is without merit.
 {¶ 38} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Ashtabula County Court of Common Pleas is affirmed. It is ordered that appellant is assessed costs herein taxed. The court finds there were reasonable grounds for this appeal.
DIANE V. GRENDELL, P.J., concurs in judgment only, TIMOTHY P. CANNON, J., concurs with Concurring Opinion.
[1] This court takes judicial notice of Ordinance No. 33-82. *Page 10