[Cite as *State ex rel. O'Grady v. Griffing*, 2013-Ohio-2615.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO<br>ex rel. LOUISE O'GRADY, | : | **PER CURIAM OPINION** |
| | : | |
| Relator, | : | |
| - vs - | : | **CASE NO. 2011-T-0122** |
| | : | |
| DAVID GRIFFING, AUDITOR, | : | |
| Respondent. | : | |

Original Action for Writ of Mandamus.

Judgment: Writ granted.

*John B. Juhasz*, 7081 West Boulevard, Suite 4, Youngstown, OH 44512-4362 (For Relator).

*Thomas J. Wilson*, Comstock, Springer & Wilson Co., L.P.A., 100 Federal Plaza East, Suite 926, Youngstown, OH 44503-1811 (For Respondent).

PER CURIAM.

{¶1} This original action is before the court for final disposition based on the parties' stipulations, exhibits, submitted testimony, and written arguments. Relator, Louise O'Grady, n.k.a. Rowland, is employed as a bailiff/deputy bailiff at the Warren Municipal Court. She made application with the Ohio Public Employees Retirement System ("OPERS") to commence receiving her vested statutory retirement benefits effective December 31, 2010. This process required certification by the fiscal officer of the city of Warren of Ms. O'Grady's final payroll as of that date. We are faced with the

narrow question of whether respondent, David Griffing, auditor for the city of Warren, may refuse to complete the task of certifying Ms. O'Grady's final payroll based on the fact that there was no break in her service at the court. We answer the question in the negative and hold that Ms. O'Grady is entitled to a writ of mandamus ordering Mr. Griffing to certify her final payroll with the final earnable salary date as requested (Form SRF-85) and to submit the form to OPERS.

{¶2} The amended arguments before this court indicate Mr. Griffing previously refused to certify Ms. O'Grady's final payroll because she maintained her employment without break in service following her submitted final earnable salary date. However, Ms. O'Grady, based on her age and years of service, has certain vested statutory benefits to which she is entitled. She is permitted to exercise her right to receive those benefits at any time following the qualifying events based on age and duration of service. How those benefits will be received, when those benefits will commence, and in what amount, are matters between Ms. O'Grady and OPERS. Mr. Griffing, as the city auditor, has provided no authority that would allow him to independently assess Ms. O'Grady's eligibility to receive her retirement and, similarly, no authority to determine when Ms. O'Grady's vested statutory retirement benefits will commence. In failing to certify Ms. O'Grady's final payroll, Mr. Griffing essentially made a determination as to when Ms. O'Grady could redeem her vested benefits. As fully set forth below, respondent's motion to dismiss is denied, and relator is entitled to the entry of final judgment in her favor.

{¶3} The submitted stipulations of fact indicate the relevant factual foundation of this action is fairly straightforward. Ms. O'Grady serves as bailiff/deputy bailiff to Judge Thomas P. Gysegem in the Warren Municipal Court. Mr. Griffing serves as

2

Auditor and Chief Fiscal Officer for the city of Warren. On November 29, 2010, Judge Gysegem notified Warren Municipal Court Clerk of Court Margaret M. Scott that Ms. O'Grady intended to take her retirement and remain in her current position:

> Please be advised as of December 31, 2010, Louise L. O'Grady, who has thirty-one (31) years in the PERS system is going to take her PERS Retirement. Louise will remain as a court employee in her present position as my Secretary/Deputy Bailiff indefinitely from that point on. She will not be taking any time off during this changeover. Please make any necessary personnel record adjustments reflecting that fact.

{¶4} Following this correspondence, Judge Gysegem issued two judgment entries: a December 8, 2010 entry appointing Ms. O'Grady as a bailiff/deputy bailiff, effective December 8, 2010; and a December 21, 2010 entry again appointing Ms. O'Grady to the bailiff/deputy bailiff position, with the new effective date of January 1, 2011. During this same period of time, Ms. O'Grady made application with OPERS to commence receipt of her vested statutory benefits.

{¶5} In order for an employee's benefit amount to be properly calculated, OPERS must receive certification of that employee's final payroll from the appropriate fiscal officer: in this case, the city of Warren Auditor (Form SRF-85). If that employee continues employment after her final earnable salary date with a qualifying public employer, as in the case sub judice, she must also complete a "Notice of Re-employment of an OPERS Benefit Recipient" (Form SR-6).

{¶6} Thus, Ms. O'Grady submitted the date of December 31, 2010, as her final earnable salary date and January 31, 2011, as her final reporting period end date. She prepared a traditional pension plan retirement application, and in anticipation of continuing employment following commencement of the benefits receipt period, she completed the "Notice of Re-employment of an OPERS Benefit Recipient." However,

3

Mr. Griffing ultimately refused to certify Ms. O'Grady's final payroll, deleting the submitted dates while noting the certification was "premature."

{¶7} On March 1, 2011, OPERS sent Mr. Griffing the following correspondence, stating in part:

> We received the above member's electronic Certification of Employee's Final Payrolls (Form [SR]F-85) on February 22, 2011. However, this certification is invalid because you did not provide a service termination date and your comment stated that it is premature in submitting certification.
>
> Please void this certification and re-submit a new electronic [SR]F-85 form as soon as possible with Ms. O'Grady's Final Earnable Salary Date as of December 31, 2010.

{¶8} Mr. Griffing explained his action in a subsequent correspondence to OPERS: "I cannot certify [Ms. O'Grady's] final earnable salary for 2010 as she is still employed by the city. You will not be receiving Form [SR]F-85 until she does retire." Without Mr. Griffing's certification, Ms. O'Grady's retirement application could not be processed.

{¶9} Now, Ms. O'Grady requests extraordinary relief via writ of mandamus to compel Mr. Griffing to certify her final payroll (Form SRF-85) and submit the form to OPERS. Following this court's issuance of an alternative writ, Mr. Griffing filed an answer and, eventually, a motion to dismiss. We note Ms. O'Grady's petition originally set forth a different form number; this court subsequently granted Ms. O'Grady's motion to amend the requested writ to identify Form SRF-85.

{¶10} "Mandamus is a writ, issued in the name of the state to an inferior tribunal, a corporation, board, or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." R.C. 2731.01. "A mandamus is a civil proceeding, extraordinary in nature since it can only be maintained

4

when there is no other adequate remedy to enforce clear legal rights." *State ex rel. Widmer v. Mohney*, 11th Dist. No. 2007-G-2776, 2008-Ohio-1028, ¶31.

{¶11} Before a writ of mandamus will lie, a relator must demonstrate the following: (1) a clear legal right to have a specific act performed by a public official; (2) the public official has a corresponding clear legal duty to perform that act; and (3) there is no plain and adequate remedy that could be pursued in the ordinary course of the law. *State ex rel. Sanders v. Enlow*, 11th Dist. No. 2010-P-0022, 2010-Ohio-5053, ¶14; *See also* R.C. 2731.05. Each element must be met by clear and convincing evidence before a court is justified in granting the extraordinary writ of mandamus. *State ex rel. Mahan v. Bd. of Trustees Ohio Police & Fire Pension Fund*, 156 Ohio App.3d 540, 2004-Ohio-1520 (11th Dist.), ¶10.

{¶12} Neither party disputes that Ms. O'Grady may reenter public employment following receipt of her vested benefits. Indeed, R.C. 145.38(B)(1) and (2) provide:

{¶13} (1) Subject to this section and section 145.381 of the Revised Code, a PERS retirant or other system retirant may be employed by a public employer. If so employed, the PERS retirant or other system retirant shall contribute to the public employees retirement system in accordance with section 145.47 of the Revised Code, and the employer shall make contributions in accordance with section 145.48 of the Revised Code.

{¶14} (2) A public employer that employs a PERS retirant or other system retirant, or enters into a contract for services as an independent contractor with a PERS retirant, shall notify the retirement board of the employment or contract not later than the end of the month in

5

which the employment or contract commences. Any overpayment of benefits to a PERS retirant by the retirement system resulting from delay or failure of the employer to give the notice shall be repaid to the retirement system by the employer.

{¶15} As stated earlier, the dispute rests on Mr. Griffing's refusal to certify Ms. O'Grady's final payroll. Upon review, we determine the elements of mandamus have been met.

{¶16} First, Ms. O'Grady has a clear legal right to have her final payroll certified by Mr. Griffing. The final payroll certification must be submitted to OPERS before her retirement application and determination of benefits can be processed. It is undisputed that Mr. Griffing's refusal to certify her final payroll necessarily inhibits Ms. O'Grady's ability to redeem her vested benefits. Eligibility of members to receive OPERS benefits based on age and service are determined under R.C. 145.32, et seq. It also appears undisputed that, pursuant to this statute, Ms. O'Grady has vested statutory benefits to which she is entitled, having qualified by virtue of her age and years of service. She is permitted to exercise her right to redeem those benefits at any time. The many questions concerning the receipt of benefits—eligibility, when, how, and in what amount—are not questions to be answered by Mr. Griffing. It is the function of OPERS to determine the answers for each retirant. For now, and for purposes of this case, it is clear that Ms. O'Grady has participated in OPERS for over 30 years and has vested statutory benefits that she is entitled to redeem. These benefits cannot be redeemed without the submission of a retirement application, and Ms. O'Grady's application cannot be completed without Mr. Griffing's final payroll certification. Thus, Ms. O'Grady has a clear legal right to have her final payroll certified by Mr. Griffing.

{¶17} Further, Mr. Griffing has a clear legal duty to certify the form. He does not rely on any authority that suggests he has discretion to refuse to certify the form. Rather, Mr. Griffing argues he does not have a clear legal duty to certify a final earnable salary date when the record indicates Ms. O'Grady "did not retire." Mr. Griffing highlights the following: there is no journal entry declaring Ms. O'Grady to be "retired"; there was no break in service following the submitted final earnable salary date; and there was no indication Ms. O'Grady stopped working, in accordance with the dictionary definition and common understanding of the concept of "retirement." By his argument, Mr. Griffing suggests it is incumbent upon him to independently investigate the circumstances of each submitted final payroll date because some employees may change their mind about retiring. Mr. Griffing also contends Ms. O'Grady's continuation of service as a city of Warren employee following receipt of OPERS benefits may prospectively violate a Warren City Ordinance which prohibits retirants collecting OPERS benefits from continuing city employment for more than 20 hours per week.

{¶18} However, the resolution of this case does not depend on the definition of "retired" or whether Ms. O'Grady is a full-time or part-time employee of the Warren Municipal Court or the city of Warren. The determinative question is, simply, whether Mr. Griffing was required to certify Ms. O'Grady's final payroll. Though Mr. Griffing has made much of the fact that Ms. O'Grady continued to work after December 31, 2010, without a break in service, Ms. O'Grady has the right to redeem her benefits under Ohio law and can apply for receipt of those benefits when she chooses. Any issues concerning her eligibility to receive those benefits are between OPERS and Ms. O'Grady.

7

{¶19} The evidence before this court indicates Ms. O'Grady was certain about her effective date of December 31, 2010, and never entertained the possibility of a prospective date change. The evidence also indicates the final earnable salary date (December 31, 2010) and the reporting period end date (January 31, 2011) were both known, as Ms. O'Grady submitted both dates which, in turn, appeared in the initial SRF-85 form. These dates were later deleted in conjunction with Mr. Griffing's insistence that the certification of final payroll was premature. However, Mr. Griffing's obligation is merely to provide the requested information, not to take a role in determining the amount of benefits or the applicant's eligibility to receive benefits. Certification of the final payroll is but a ministerial act, i.e., "one which a person performs in a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, *without regard to or the exercise of his own judgment upon the propriety of the act being done*." (Emphasis added.) *State ex. rel Watkins v. Donahey*, 110 Ohio St. 494, 500 (1924). It is the responsibility of OPERS to assess a final payroll date before processing an employee's retirement application. In fact, when Mr. Griffing submitted the amended payroll certification, noting the document was "premature," OPERS directed him to "re-submit a new electronic [SR]F-85 form as soon as possible with Ms. O'Grady's Final Earnable Salary Date as of December 31, 2010." Indeed, there is no provision in the application process for Mr. Griffing to offer an assessment that an application is "premature." Mr. Griffing has no discretion to alter the date on which Ms. O'Grady decides to commence receipt of vested statutory benefits that she is qualified to receive based on age and years of service.

{¶20} Mr. Griffing argues he could not certify Ms. O'Grady's final payroll because there was no break in service, and therefore, she did not in fact "retire." However, the

8

law anticipates this circumstance; contrary to making the retirant ineligible to receive benefits, R.C. 145.38(B)(4)(a) provides for the consequence of reemployment:

{¶21} A PERS retirant who has received a retirement allowance for less than two months when employment subject to this section commences shall forfeit the retirement allowance for any month the PERS retirant is employed prior to the expiration of the two-month period. Service and contributions for that period shall not be included in calculation of any benefits payable to the PERS retirant, and those contributions shall be refunded on the retirant's death or termination of the employment.

{¶22} O.A.C. 145-1-75 similarly states: "A PERS retirant who has received a retirement allowance for less than two months and who becomes employed by a public employer shall forfeit the retirement allowance for any month in which such retirant is employed during the two month period immediately following such retirant's effective retirement benefit date."

{¶23} Thus, R.C. 145.38(B)(4)(a) and O.A.C. 145-1-75 clearly envision the situation wherein an OPERS retirant may continue public service without waiting two months after retiring. In the event of reemployment, the retirant must forfeit the retirement allowance for any portion of the two-month period immediately following the effective benefit date. The very purpose of OPERS Form SR-6 is to verify the timing and circumstances of reemployment with a public employer during this two-month period. Therefore, rather than prohibiting continuation of public employment following receipt of vested OPERS benefits, the law sets forth a limited consequence during the first two-month period.

{¶24} Finally, Ms. O'Grady has no other adequate remedy in the ordinary course of the law. The evidence before this court is replete with Ms. O'Grady's attempts to circumvent Mr. Griffing by contacting OPERS officials directly. It is clear, however, that Mr. Griffing must complete the ministerial task of certifying the submitted final payroll date.

{¶25} Thus, Ms. O'Grady has a clear legal right to have her final payroll certified by Mr. Griffing so that she may receive the vested benefits to which she is entitled; Mr. Griffing has a corresponding duty to certify the form; and Ms. O'Grady has no other adequate remedy at law. Accordingly, Ms. O'Grady is entitled to the relief requested, and a writ of mandamus shall issue to compel Mr. Griffing to certify Ms. O'Grady's final payroll.

TIMOTHY P. CANNON, P.J., DIANE V. GRENDELL, J., THOMAS R. WRIGHT, J., concur.