THE STATE OF OHIO, APPELLEE, *v.* HOLMES, APPELLANT.

(No. 85AP-549 — Decided February 4, 1986.)

*Michael Miller,* prosecuting attorney, and *Karen L. Martin,* for appellee.

*Randall M. Dana,* public defender, *Jerry L. McHenry* and *John A. Bay,* for appellant.

McCORMAC, J. Defendant-appellant, Timothy J. Holmes, was convicted of aggravated murder, with the aggravating circumstance of aggravated robbery and a firearm specification, on April 2, 1985. The jury recommended that appellant be sentenced to life imprisonment without parole for thirty full years for the aggravated murder, as the jury found that the mitigating factors outweighed the aggravating circumstances. The trial judge imposed the sentence recommended by the jury, with additional sentences for aggravated robbery and for the firearm specification, the sentences to be served consecutively.

Appellant has made a motion to remand his case to the trial court with instructions that the trial court prepare and file a separate opinion setting forth the mitigating and aggravating factors which the trial court found to exist. Appellant asserts that the filing of such a separate opinion is required by R.C. 2929.03(F) under the particular circumstances of appellant's conviction, and that the judgment of the court below is not final until such opinion is filed.

Appellant's claim that a final judgment was not reached in his case is based upon his interpretation of certain portions of R.C. 2929.03, which deal with the imposition of sentence for a capital offense. R.C. 2929.03(F) provides, in part, as follows:

"The court or the panel of three judges, when it imposes sentence of death, shall state in a separate opinion its specific findings as to the existence of any of the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code, the existence of any other mitigating factors, the aggravating circumstances the offender was found guilty of committing, and the reasons why the aggravating circumstances the offender was found guilty of committing were sufficient to outweigh the mitigating factors. The court or panel, when it imposes life imprisonment under division (D) of this section, shall state in a separate opinion its specific findings of which of the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code it found to exist * * *."

There is no question but that R.C. 2929.03(F) requires the court to issue a separate opinion of specific findings when the court imposes the sentence of death. R.C. 2929.03(D), which is set forth at length later in the body of this opinion, provides that, under Ohio's bifurcated sentencing procedure for

capital offenses, when the defendant is tried to a jury and the jury determines that the aggravating circumstances outweigh the mitigating factors, it then makes a recommendation to the court that the sentence of death be imposed. Under these circumstances, however, the trial court still retains the responsibility for making the final decision as to whether to impose the death penalty, because the jury's recommendation of a death penalty is not binding upon the court. The court would then be required to make a separate weighing of the aggravating circumstances and mitigating factors before imposing the sentence of death.

By contrast, if the trial jury has determined that the aggravating circumstances do not outweigh the mitigating factors, it is then required to recommend a sentence of life imprisonment; the court is bound by the decision of the jury to impose this life sentence. The issue before us upon appellant's motion to remand is whether R.C. 2929.03 requires the trial court to issue a separate opinion of specific findings when the court's role is limited merely to imposing the life sentence, as recommended by the jury. The question would then arise whether the trial court in such a situation would even be in a position to know which factors and circumstances were the basis for the jury's determination.

R.C. 2929.03(D)(2) reads as follows:

"(2) Upon consideration of the relevant evidence raised at trial, the testimony, other evidence, statement of the offender, arguments of counsel, and, if applicable, the reports submitted pursuant to division (D)(1) of this section, the trial jury, if the offender was tried by a jury, shall determine whether the aggravating circumstances the offender was found guilty of committing are sufficient to outweigh the mitigating factors present in the case. If the trial jury unanimously finds, by proof beyond a reasonable doubt, that the aggravating circumstances the offender was found guilty of committing outweigh the mitigating factors, the trial jury shall recommend to the court that the sentence of death be imposed on the offender. Absent such a finding, the jury shall recommend that the offender be sentenced to life imprisonment with parole eligibility after serving twenty full years of imprisonment or to life imprisonment with parole eligibility after serving thirty full years of imprisonment.

"If the trial jury recommends that the offender be sentenced to life imprisonment with parole eligibility after serving twenty full years of imprisonment or to life imprisonment with parole eligibility after serving thirty full years of imprisonment, the court shall impose the sentence recommended by the jury upon the offender. If the trial jury recommends that the sentence of death be imposed upon the offender, the court shall proceed to impose sentence pursuant to division (D)(3) of this section."

R.C. 2929.03(D)(3) describes the procedure by which the court makes a separate determination, weighing the mitigating factors and aggravating circumstances, before imposing the death penalty recommended by the jury. The court, after such a recommendation, has the authority to make a different finding than the jury, with the result that the court could impose a life sentence upon the defendant, rather than the death sentence recommended by the jury.

In a situation in which the trial court overrides the death-sentence determination of the jury and imposes a life sentence upon a defendant, such a decision would be based upon the court's independent weighing of the factors and circumstances before it, and it would be both feasible and necessary for the court to produce the separate opinion of specific findings referred to in R.C. 2929.03(F), as the deliberations of the

28

court are clearly not identical with those of the jury.

R.C. 2929.03(F) requires the court to state "its specific findings" of the factors and circumstances "it found to exist" and why "it could not find that these aggravating circumstances were sufficient to outweigh the mitigating factors." There is no corresponding requirement that the jury issue a statement of its findings when the jury makes its binding determination that a life sentence shall be imposed. While such a requirement that the jury issue an opinion might prove helpful to appellants and to reviewing courts, the court in *State* v. *Jenkins* (1984), 15 Ohio St. 3d 164, 176, 15 OBR 311, 322, 473 N.E. 2d 264, 279, stated that "[t]he question remains whether the absence of a requirement that juries specify the mitigating factors which they found to exist, and why these factors outweigh aggravating circumstances, creates a fatal defect in the statutes. We hold that it does not."

One commentator has noticed the possible ambiguity of R.C. 2929.03(F) as applied when the court imposes a life sentence upon the recommendation of the jury, Domozick, Fact or Fiction: Mitigating the Death Penalty in Ohio (1983-1984), 32 Cleve. St. L. Rev. 263, and has stated:

"* * * This section is clear with respect to the opinion that must be written when the court or three-judge panel imposes death. The statute is unclear, however, as to whether an opinion must be written when the jury brings back a life sentence, or whether the opinion must be written when the court imposes a life sentence over a jury recommendation of death. The ambiguity centers on the phrase 'imposes life imprisonment.' Although, in effect, the jury 'imposes' life imprisonment, the language of the statute is that of a recommendation only. Arguably, only the court may impose a sentence. Therefore it would be realistic and beneficial to all concerned if trial judges wrote opinions in all three situations.* * *" *Id.* at 267-268, fn. 29.

The reasoning of this writer has its appeal, in that it would assist appellate review if a written opinion of the findings made were to be issued in every situation in which a defendant was tried for a capital offense, whatever the sentence imposed. Although the language of the statute is that the jury shall "recommend" a sentence, a reading of the statute in its entirety makes it clear that, should the jury recommend a sentence of life imprisonment, "the court shall impose the sentence recommended by the jury upon the offender." R.C. 2929.03(D)(2). In such a situation, therefore, the court does not act independently in imposing the life sentence, but is bound to carry out the wishes of the jurors.

Therefore, we find that R.C. 2929.03 does not require that the trial court issue a separate written opinion with specific findings in a situation in which the jury has recommended that the defendant be sentenced to life imprisonment. Indeed, appellant's interpretation of R.C. 2929.03 would seem to require an exercise of judicial extrasensory perception, by forcing the court to determine the course and matter of the jury's deliberations. It is well-settled that the courts are under a duty, if the language of a statute fairly permits, to construe statutes so as to avoid such unreasonable or absurd consequences. See *State, ex rel. Cooper,* v. *Savord* (1950), 153 Ohio St. 367, 41 O.O. 396, 92 N.E. 2d 390. Thus, we find that the judgment of the court below is final, despite the fact that a separate opinion has not been filed. Such opinion is not required under the circumstances of this case.

Appellant, in the supplemental memorandum in support of his motion to remand, cites numerous United States Supreme Court cases which have

established the careful scrutiny which is required in appellate review of death penalty cases, and asserts that it is a constitutional requirement that appellate review must be based upon a comparison of similar cases. He alleges that such review has been denied him. Proportionality review, which appears to be what appellant desires, is not constitutionally required. The Supreme Court specifically held that the decisions of that court do not provide a basis for a requirement of comparative proportionality review. *Pulley* v. *Harris* (1984), 465 U.S. 37. This was recognized by the Ohio Supreme Court in *State* v. *Rogers* (1985), 17 Ohio St. 3d 174, 17 OBR 414, 478 N.E. 2d 984, vacated and remanded on other grounds (1985), 88 L.E. 2d 452, reaffirmed on remand (1986), 28 Ohio St. 3d 427, 28 OBR 480, 504 N.E. 2d 52, which held that the state of Ohio would determine the correct pool of cases for comparison in review by the Ohio Supreme Court, as R.C. 2929.05 is the law which governs proportionality review in Ohio. R.C. 2929.05 is not applicable to appellant's case, as it describes only the process of review of death sentences.

After due consideration of the motions and memoranda filed with this court and the relevant law, we feel that an oral hearing upon appellant's motion to remand is not required for a resolution of the issues before us. Therefore, appellant's request for oral hearing upon his motion is hereby denied.

Thus, we find that the judgment of the court below was a final judgment. Appellant's motion to remand his case to the trial court is without merit and is hereby overruled.

*Motion to remand overruled.*

REILLY, P.J., and WHITESIDE, J., concur.