[Cite as *State v. Morris*, 2013-Ohio-5302.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 13AP-251 |
| | | (C.P.C. No. 04CR-07-4866) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Kristoffer T. Morris, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 3, 2013

*Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

*Kristoffer T. Morris*, pro se.

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} This is an appeal by defendant-appellant, Kristoffer T. Morris, from a judgment of the Franklin County Court of Common Pleas, denying appellant's motion for re-sentencing and a final order.

{¶ 2} On July 22, 2004, appellant was indicted on two counts of aggravated burglary, one count of impersonating a police officer or private policeman, two counts of robbery, four counts of kidnapping, three counts of having weapon while under disability, one count of aggravated burglary, four counts of aggravated murder, three counts of attempted murder, and two counts of felonious assault. Ten of the counts contained firearm specifications.

{¶ 3} The matter came for trial before a jury beginning August 8, 2005. Following deliberations, the jury returned verdicts finding appellant guilty of one count of aggravated burglary, one count of murder (as a lesser-included offense of aggravated murder), one count of aggravated murder, two counts of involuntary manslaughter (as a lesser-included offense of aggravated murder), one count of attempted murder, and two counts of felonious assault. As to the aggravated murder conviction, the jury found that the murder was part of a course of conduct by appellant involving the purposeful killing or attempt to kill two or more persons. The trial court separately found appellant guilty of two counts of having a weapon while under disability.

{¶ 4} Following a mitigation hearing, the jury found that the aggravating circumstances did not outweigh the mitigating factors beyond a reasonable doubt, and the jury recommended a sentence of 30 years to life. On August 25, 2005, the trial court filed a judgment of sentence and conviction. The trial court filed an amended entry on September 14, 2005.

{¶ 5} Appellant appealed his conviction, raising three assignments of error. In *State v. Morris,* 10th Dist. No. 05AP-1032, 2007-Ohio-2382, this court overruled appellant's assignments of error and affirmed the judgment of conviction and sentence. Appellant subsequently filed a pro se application to reopen his appeal, pursuant to App.R. 26(B), which this court denied. *State v. Morris,* 10th Dist. No. 05AP-1032, 2010-Ohio-786.

{¶ 6} On December 9, 2012, appellant filed a "motion for resentencing and a final appealable order pursuant to Crim.R. 32(C), R.C. 2505.02, and R.C. 2929.03(F)." On December 27, 2012, the state filed a memorandum contra the motion. By decision and entry filed March 8, 2012, the trial court denied appellant's motion.

{¶ 7} On appeal, appellant sets forth the following assignment of error for this court's review:

> The trial court erred, and due process was denied, when the court denied Appellant's motion for resentencing and a final appealable order.

{¶ 8} Under his single assignment of error, appellant contends the trial court erred in denying his motion for resentencing and a final appealable order. Appellant

argues that his judgment of conviction is not final because the trial court failed to file a separate opinion with specific findings pursuant to R.C. 2929.03(F). Appellant maintains that the trial court's judgment entry and amended entry cannot be construed to comply with R.C. 2929.03(F) as neither entry contains specific findings that relate to mitigating factors and aggravating circumstances.

{¶ 9} R.C. 2929.03(F) states as follows:

> The court or the panel of three judges, when it imposes sentence of death, shall state in a separate opinion its specific findings as to the existence of any of the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code, the existence of any other mitigating factors, the aggravating circumstances the offender was found guilty of committing, and the reasons why the aggravating circumstances the offender was found guilty of committing were sufficient to outweigh the mitigating factors. The court or panel, when it imposes life imprisonment or an indefinite term consisting of a minimum term of thirty years and a maximum term of life imprisonment under division (D) of this section, shall state in a separate opinion its specific findings of which of the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code it found to exist, what other mitigating factors it found to exist, what aggravating circumstances the offender was found guilty of committing, and why it could not find that these aggravating circumstances were sufficient to outweigh the mitigating factors.

{¶ 10} As noted by the state, this court has previously rejected the argument that a trial court must file a written opinion when a jury recommends a life sentence. Specifically, in *State v. Holmes,* 30 Ohio App.3d 26, 28 (10th Dist.1986), this court noted that, pursuant to R.C. 2929.03(D)(2), "should the jury recommend a sentence of life imprisonment, 'the court shall impose the sentence recommended by the jury upon the offender.' * * * In such a situation, therefore, the court does not act independently in imposing the life sentence, but is bound to carry out the wishes of the jurors." Accordingly, this court concluded: "R.C. 2929.03 does not require that the trial court issue a separate written opinion with specific findings in a situation in which the jury has recommended that the defendant be sentenced to life imprisonment." *Id.* We note that other Ohio appellate courts have followed the rationale and holding of *Holmes. See State*

*v. Davis,* 12th Dist. No. CA95-07-124 (Sept. 30, 1996); *State v. Bradley,* 4th Dist. No. 1583 (Sept. 22, 1987).

{¶ 11} Appellant's reliance upon *State v. Ketterer,* 126 Ohio St.3d 448, 2010-Ohio-3831 is misplaced.  In *Ketterer,* the defendant entered a guilty plea to aggravated murder and was sentenced to death by a three-judge panel.  By contrast, the jury in the instant case did not recommend a death sentence on the aggravated murder count, and the trial court imposed a sentence of life with parole eligibility after 30 years.  Therefore, *Ketterer* is inapplicable, and the trial court's 2005 judgment of conviction and sentence constituted a final order "despite the fact that a separate opinion has not been filed." *Holmes* at 28.

{¶ 12} Based upon the foregoing, the trial court did not err in denying appellant's motion for re-sentencing.  Appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

KLATT, P.J., and CONNOR, J., concur.

————————————