[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. O'Grady v. Griffing,* Slip Opinion No. 2014-Ohio-3687.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-3687

THE STATE EX REL. O'GRADY, APPELLEE, *v.* GRIFFING, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. O'Grady v. Griffing,* Slip Opinion No. 2014-Ohio-3687.]**

*Public Employees Retirement System—Duty to certify final-earnable-salary date—Evidence establishing date of retirement.*

(No. 2013-1151—Submitted May 27, 2014—Decided August 28, 2014.)

APPEAL from the Court of Appeals for Trumbull County, No. 2011-T-0122, 2013-Ohio-2615.

_____

**Per Curiam.**

{¶ 1}  We reverse the decision of the Eleventh District Court of Appeals. Relator-appellee, Louise Rowland (Louise O'Grady when the case was filed), sued respondent-appellant, David Griffing, over his refusal, as the auditor of the city of Warren, to certify O'Grady's final-earnable-salary date to the Ohio Public Employees Retirement System ("OPERS").  Griffing claims that O'Grady was never terminated, because she has continued to work as a bailiff for the Warren

Municipal Court and that therefore he cannot certify her final-earnable-salary date.

{¶ 2}   No direct evidence appears in the record that O'Grady was actually terminated or resigned; there is only secondhand evidence that she intended to retire. Absent such direct evidence, Griffing cannot accurately certify her final-earnable-salary date to OPERS.

*Facts*

{¶ 3}   O'Grady became an employee of the city of Warren in 1979. Judge James A. Ravella appointed her a statistical clerk for the municipal court. She was later appointed to various other positions with the court until 2007, when she was appointed deputy bailiff/legal secretary to Judge Gysegem, a position that she has held to the present.

{¶ 4}   In November 2010, O'Grady discussed with Judge Gysegem her wish to retire and receive OPERS benefits, but to continue working for him. Gysegem also wanted her to continue in her job. On November 19, 2010, the judge sent a letter to the clerk of courts advising her that as of December 31, 2010, O'Grady was "going to take her PERS Retirement" but would "remain as a Court employee in her present position." A payroll accountant in Griffing's office received a copy of this letter.

{¶ 5}   Griffing's office also received two journal entries from the judge, the first appointing O'Grady to her position effective December 8, 2010, and the second doing the same effective January 1, 2011. The judge did not issue an entry terminating O'Grady's employment.

{¶ 6}   For an employee to receive OPERS benefits, the employer must certify on form SRF-85 the employee's final-earnable-salary date. Under OPERS directives, an employer is not to submit the form if the employee's final-earnable-salary date is unknown. Griffing asserts that he cannot certify O'Grady's final date and salary.

2

**{¶ 7}** In December 2011, O'Grady filed this mandamus case in the Eleventh District to compel Griffing to certify her final-earnable-salary date to OPERS. The court of appeals granted the writ on June 24, 2013, holding that O'Grady had a clear legal right to have her final payroll certified and that Griffing had a clear legal duty to certify it. 2013-Ohio-2615, 994 N.E.2d 859, ¶ 25.

**{¶ 8}** Griffing appealed as of right, and the court of appeals stayed enforcement of its decision pending this appeal.

*Analysis*

**{¶ 9}** Respondent Griffing has moved for oral argument in the case, with no response from O'Grady. In cases in which oral argument is not mandatory— such as cases originating in this court or appeals from cases originating in a court of appeals—this court has discretion to grant oral argument, and " 'in exercising this discretion, we consider whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among courts of appeals.' " *State ex rel. Jean–Baptiste v. Kirsch*, 134 Ohio St.3d 421, 2012-Ohio-5697, 983 N.E.2d 302, ¶ 10, quoting *State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 15.

**{¶ 10}** There is no constitutional issue here, and the parties have pointed to no conflict among the courts of appeals on any legal issue in this case. We decide the case without oral argument.

**{¶ 11}** To prevail in this mandamus case, O'Grady must establish a clear legal right to the requested relief, a clear legal duty on the part of the Griffing to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. O'Grady must prove that she is entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13.

**{¶ 12}** Several important legal principles govern this case. First, OPERS benefits do not—as stated by the court of appeals—vest when a public employee reaches a particular age or number of years of service. Rather, an employee may become eligible to receive those benefits when she reaches a certain age and has attained certain years of service. The employee's benefits vest only when she begins receiving OPERS benefits. R.C. 145.561(A) ("the granting of a retirement allowance, annuity, pension, or other benefit to any person pursuant to action of the public employees retirement board vests a right in such person, so long as the person remains the recipient of any benefit * * *").

**{¶ 13}** Because O'Grady has not received any OPERS benefits, her rights in such benefits have not vested. Rather, she has become eligible to apply for the benefits but must meet other conditions before she may receive those benefits.

**{¶ 14}** Second, a public employee must terminate service before receiving retirement benefits. Ohio Adm.Code 145-2-51 (benefits unavailable before "[t]he last date for which compensation was paid"). Whether O'Grady actually terminated her service is the core question here. A public employee need not leave public employment permanently, but may terminate employment for purposes of OPERS retirement and then be reemployed immediately, upon forfeiting two months of benefits. R.C. 145.38(B).

**{¶ 15}** Third, Griffing's duty to submit information to OPERS regarding an employee's retirement is not ministerial, as asserted by both O'Grady and the lower court. Rather, public employers have a duty to submit accurate information so that OPERS can correctly assess whether an employee is eligible for benefits.

**{¶ 16}** Thus, the case comes down to the question whether O'Grady terminated her employment with the Warren Municipal Court before being rehired in the same position. O'Grady asserts that she did; Griffing asserts that she did not actually terminate her employment. Griffing argues that the judge had

4

to put on an entry terminating O'Grady's employment and that there had to be a break in service for him to certify a final employment date.

**{¶ 17}** O'Grady argues correctly that a court employee may resign or retire voluntarily without the need for a judgment entry and that under R.C. 145.38(B), an employee may retire and resume employment immediately, without an actual break in service, if the employee submits the appropriate form and forfeits two months of benefits.

**{¶ 18}** O'Grady also argues that her final earnable salary should have been determined as of her claimed retirement date, December 31. 2010. However, the only evidence of O'Grady's retirement available to Griffing at the time was a November 19, 2010 letter that Judge Gysegem had sent to the clerk of courts advising her that as of December 31, 2010, O'Grady "is going to take her PERS retirement" but would "remain as a court employee in her present position." He also had the two journal entries hiring O'Grady as a deputy bailiff/secretary, but none terminating her as of December 31, 2010. O'Grady herself apparently never wrote a letter of resignation, and Gysegem never officially terminated O'Grady as of December 31, 2010.

**{¶ 19}** In other words, while Griffing might have known that Judge Gysegem thought that O'Grady intended to retire as of December 31, 2010, he was never provided with direct evidence, such as a letter of resignation or retirement from O'Grady herself or an official termination from Gysegem. And even if the letter from Judge Gysegem to the clerk of courts establishes O'Grady's intent at that time to retire for OPERS purposes and to return to work, O'Grady could have changed her mind before the retirement date. Without direct evidence that she had actually resigned or been terminated, Griffing could not know for sure that O'Grady had carried out the intent expressed in the judge's letter. O'Grady never terminated her service for purposes of OPERS, because she failed

to write a letter of resignation or get the judge to officially terminate her as of December 31, 2010.

## Conclusion

{¶ 20} Because respondent, Auditor Griffing, had no direct evidence of O'Grady's retirement, he had no clear legal duty to file the form SRF-85 with O'Grady's final-earnable-salary date. We therefore reverse.

Judgment reversed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

John B. Juhasz, for appellee.

Comstock, Springer & Wilson Co., L.P.A., and Thomas J. Wilson, for appellant.

Michael DeWine, Attorney General, Eric E. Murphy, State Solicitor, Peter K. Glenn-Applegate, Deputy Solicitor, and Matthew T. Green, Assistant Attorney General, for amicus curiae, state of Ohio.

_____