**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Stewart v. Russo,* Slip Opinion No. 2016-Ohio-421.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-421

THE STATE EX REL. STEWART, APPELLANT, *v.* RUSSO, JUDGE, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Stewart v. Russo,* Slip Opinion No. 2016-Ohio-421.]**

*Mandamus—R.C. 2929.03(F) sentencing opinion not required when jury recommends life sentence for capital offense—Court of appeals' dismissal of petition affirmed.*

(No. 2015-0457—Submitted September 15, 2015—Decided February 9, 2016.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 102435, 2015-Ohio-614.

_____

**Per Curiam.**

{¶ 1} Appellant, Larry Stewart, appeals from the judgment of the Eighth District Court of Appeals dismissing his complaint for a writ of mandamus against appellee, Judge Michael J. Russo.  Though indicted with capital specifications, Stewart was sentenced to 30 years to life in prison after the jury recommended

against the death penalty. Seeking a writ of mandamus, Stewart now contends that he was entitled to a separate sentencing opinion under R.C. 2929.03(F).

{¶ 2} For the reasons set forth below, we affirm the judgment of the court of appeals.

FACTS

{¶ 3} In 1997, a jury found Stewart guilty of aggravated murder, attempted murder, aggravated robbery, and kidnapping. After a mitigation hearing, the jury recommended, and the trial court imposed, a sentence of life imprisonment without parole eligibility for 30 years for Stewart's aggravated-murder conviction. This court affirmed Stewart's convictions and sentence on direct appeal. *State v. Stewart*, 8th Dist. Cuyahoga No. 73255, 1998 Ohio App. LEXIS 5462 (Nov. 19, 1998).

{¶ 4} In 2014, Stewart filed in the trial court a motion for a final, appealable order and resentencing under R.C. 2929.03(F) and Crim.R. 47. The court, per Judge Russo, denied Stewart's motion on July 11, 2014, finding that it "is not required to file a written sentencing opinion when the jury has recommended a sentence other than death, which is the circumstance here." Stewart did not appeal that decision.

{¶ 5} Instead, on January 2, 2015, Stewart filed a petition for a writ of mandamus in the Eighth District Court of Appeals seeking an order compelling Judge Russo to issue a "final appealable order consisting of both a sentencing opinion pursuant to R.C. 2929.03(F), and the judgment of conviction pursuant to R.C. 2505.02." Stewart argued that because his sentencing entry did not state the reasons why the mitigating factors outweighed the aggravating circumstances, it was not a final, appealable order under R.C. 2929.03(F).

{¶ 6} Judge Russo filed a motion for summary judgment, arguing that he had no duty to file a separate sentencing opinion under R.C. 2929.03(F) because the jury recommended a life sentence, which he was required to impose.

**{¶ 7}** The Eighth District granted Judge Russo's motion for summary judgment and, relying on several Ohio appellate decisions, held that R.C. 2929.03(F) requires a separate sentencing opinion only when the jury recommends a sentence of death. 2015-Ohio-614, ¶ 5, citing *State v. Holmes*, 30 Ohio App.3d 26, 506 N.E.2d 276 (10th Dist.1986); *State v. Morris*, 10th Dist. Franklin No. 13AP-251, 2013-Ohio-5302; *State v. Davis*, 12th Dist. Butler No. CA95-07-124, 1996 WL 551432 (Sept. 30, 1996); and *State v. Bradley*, 4th Dist. Scioto No. 1583, 1987 WL 17303 (Sept. 22, 1987).

**{¶ 8}** Stewart timely appealed to this court.

### ANALYSIS

**{¶ 9}** To obtain a writ of mandamus, Stewart must establish a clear legal right to the requested relief, a clear legal duty on the part of the trial court to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. O'Grady v. Griffing*, 140 Ohio St.3d 290, 2014-Ohio-3687, 17 N.E.3d 574, ¶ 11. Stewart must prove he is entitled to the writ by clear and convincing evidence. *Id.* Stewart has not satisfied the first or the second prong and therefore is not entitled to the requested relief.

**{¶ 10}** The issue presented by Stewart's claim is whether when a jury in a bifurcated capital trial recommends that the offender be sentenced to life in prison, the trial judge is required to issue a separate sentencing opinion setting forth the aggravating circumstances and mitigating factors that were found to exist and the reasons why the aggravating circumstances did not outweigh the mitigating factors.

**{¶ 11}** Stewart argues that R.C. 2929.03(F) requires a separate sentencing opinion, irrespective of whether the sentence is death or life in prison, before a final, appealable order can be issued. R.C. 2929.03(F) provides:

> The court or panel, when it imposes life imprisonment * * * under
> division (D) of this section, shall state in a separate opinion its

specific findings of which of the mitigating factors set forth in division (B) of section 2929.04 of the Revised Code it found to exist, what other mitigating factors it found to exist, what aggravating circumstances the offender was found guilty of committing, and why it could not find that these aggravating circumstances were sufficient to outweigh the mitigating factors. * * * The judgment in a case in which a sentencing hearing is held pursuant to this section is not final until the opinion is filed.

R.C. 2929.03(F).[1]  At first glance, R.C. 2929.03(F) appears to mandate the relief Stewart seeks.  But Stewart's sentence of life in prison with parole eligibility after 30 years also implicates R.C. 2929.03(D).

{¶ 12} R.C. 2929.03(D)(2) lays out the procedure by which a jury is to recommend a sentence in a capital case.  The statute provides that if the trial jury recommends that the offender be sentenced to life imprisonment with parole eligibility after 30 years, then "the court shall impose the sentence recommended by the jury upon the offender."[2]

{¶ 13} When the meaning of a legislative enactment is at issue, we look first "to the plain language of the statute itself to determine the legislative intent." *Hubell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 11.  The plain language of R.C. 2929.03(D)(2) states that if the jury recommends that an offender be sentenced to life in prison for a capital offense, with or without parole eligibility, the trial judge "shall" impose the recommended sentence.  We have "consistently interpreted" the word "shall" in a legislative enactment "to make

---

[1] The portion of R.C. 2929.03(F) quoted above has not been amended or otherwise altered since the date of Stewart's offenses.

[2] The portion of R.C. 2929.03(D)(2) quoted above has not been amended or otherwise altered since the date of Stewart's offenses.

mandatory the provision in which it is contained, absent a clear and unequivocal intent that it receive a construction other than its ordinary meaning." *State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, 860 N.E.2d 1011, ¶ 19. Thus, we hold that R.C. 2929.03(D)(2) is unambiguous and requires a trial judge to impose the jury's recommended sentence in a capital case when the recommendation is for a life sentence.

{¶ 14} In addition, it is a "well-settled rule of statutory interpretation that statutory provisions be construed together and the Revised Code be read as an interrelated body of law." *State v. Moaning*, 76 Ohio St.3d 126, 128, 666 N.E.2d 1115 (1996). Construing R.C. 2929.03(D) and (F) together, we conclude that division (F)'s requirement that the trial judge issue a separate sentencing opinion when it imposes a life sentence can refer *only* to a situation in which the jury recommends death and the trial judge overrides that recommendation and imposes a life sentence. Reading R.C. 2929.03(F) as Stewart urges would ignore the plain and unambiguous language of subsection (D)(2), which requires a trial judge to impose the jury's recommended sentence when the jury recommends a life sentence. Because the jury in Stewart's case recommended that he be sentenced to life in prison with parole eligibility after 30 years, R.C. 2929.03(D)(2) is dispositive and division (F) does not apply.

{¶ 15} To accept Stewart's argument that R.C. 2929.03(F) requires a separate sentencing opinion even when the jury recommends life would violate the basic tenet that "statutes [are] construed to avoid unreasonable or absurd consequences." *State ex rel. Dispatch Printing Co. v. Wells*, 18 Ohio St.3d 382, 384, 481 N.E.2d 632 (1985). Under Stewart's interpretation, a trial judge would have to engage in "an exercise of judicial extrasensory perception," as the judge would be forced to "determine the course and matter of the jury's deliberations" to draft the separate sentencing opinion contemplated by R.C. 2929.03(F). *State v. Holmes*, 30 Ohio App.3d 26, 28, 506 N.E.2d 276 (10th Dist.1986) (construing R.C.

2929.03(D)(2) and (F) and holding that when a jury in a capital case recommends a life sentence, no separate sentencing opinion is required because "the court does not act independently in imposing the life sentence, but is bound to carry out the wishes of the jurors").

**{¶ 16}** Stewart invokes our decision in *State v. Post*, 32 Ohio St.3d 380, 513 N.E.2d 754 (1987), arguing that it "reasonably implies" that a defendant is entitled to a separate sentencing opinion under R.C. 2929.03(F), even when a jury recommends a life sentence for a capital offense. Stewart likewise relies on two Ohio appellate court decisions for the proposition that "if a mitigation hearing is held, a trial court must write a sentence opinion regardless of whether the sentence imposed is death or life imprisonment." Stewart's argument in this vein amounts to a broad, untenable claim that anytime a mitigation hearing is conducted in a capital case under R.C. 2929.03(D), R.C. 2929.03(F) mandates that a separate sentencing opinion be filed, regardless of the outcome of the hearing.

**{¶ 17}** Stewart's argument ignores the unambiguous statement in the final paragraph of R.C. 2929.03(D)(2) that when a *jury* recommends a sentence of life imprisonment for a capital offense, the trial court is obligated to impose that sentence and has no authority to independently engage in the weighing process described in R.C. 2929.03(D). Additionally, none of the defendants in the cases Stewart relies on appeared before a jury. *See Post* at 381; *State v. Melton*, 8th Dist. Cuyahoga No. 96621, 2011-Ohio-5929, ¶ 3, 13; *State v. Griffin*, 5th Dist. Coshocton No. 09-CA-21, 2011-Ohio-1638, ¶ 2, *rev'd*, 138 Ohio St.3d 108, 2013-Ohio-5481, 4 N.E.3d 989. Thus, in each of those cases, the sentence was determined by and imposed by a trial judge or panel of judges, and the final paragraph of R.C. 2929.03(D)(2) was inapplicable. Accordingly, *Post*, *Melton*, and *Griffin* are inapposite.

**{¶ 18}** Stewart also contends that the Eighth District's decision denying him a writ of mandamus "contradicts this Court's precedent that trial courts are required

to strictly adhere to statutory procedure in capital cases." Indeed, we have "consistently required strict compliance with Ohio statutes when reviewing the procedures in capital cases." *State v. Filiaggi*, 86 Ohio St.3d 230, 240, 714 N.E.2d 867 (1999). But as explained above, Stewart was not and is not entitled to a separate sentencing opinion under R.C. 2929.03(F), because the trial court had no jurisdiction to independently determine the sentence for Stewart's aggravated-murder conviction. Thus, contrary to Stewart's argument, both the original trial judge and Judge Russo have strictly complied with R.C. 2929.03(D)(2) in refusing to issue a separate sentencing opinion in his case.

{¶ 19} The plain language of R.C. 2929.03 directs that when a jury in a capital case recommends that the offender be sentenced to life imprisonment, with or without the possibility of parole, the trial court must impose the recommended sentence. In that situation, R.C. 2929.03(D)(2) controls, and division (F), which requires a separate sentencing opinion, is not applicable.

{¶ 20} We affirm the judgment of the court of appeals denying Stewart a writ of mandamus.

### CONCLUSION

{¶ 21} Because Stewart does not have a clear legal right to a separate sentencing opinion and Judge Russo does not have a clear legal duty to provide one, we affirm the decision of the court of appeals dismissing Stewart's complaint.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

————————————

Larry Stewart, pro se.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.

————————————