[Cite as *State ex rel. Davis v. Janas*, 2019-Ohio-3134.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO EX REL. IAN DAVIS

    Relator

    v.

JUDGE THOMAS W. JANAS

    Respondent

C.A. No.     19CA011500

ORIGINAL ACTION IN
MANDAMUS

Dated: August 5, 2019

PER CURIAM.

{¶1} Ian Davis has petitioned this Court for a writ of mandamus to compel Respondent, Judge Thomas Janas, to vacate a nunc pro tunc entry filed on September 9, 1999, in Lorain County Common Pleas case number 93CR043666. Judge Janas has moved to dismiss. Mr. Davis filed a response to the motion to dismiss along with a motion for additional time to file the response. That motion is granted, and the response is deemed timely filed. For the following reasons, this Court grants Judge Janas' motion to dismiss.

{¶2} "For a writ of mandamus to issue, a relator must demonstrate that (1) the relator has a clear legal right to the relief prayed for, (2) respondent is under a corresponding clear legal duty to perform the requested acts, and (3) relator has no plain and adequate legal remedy." *State ex rel. Serv. Emp. Internatl. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173, 176 (1998). The petitioner must demonstrate all

three elements in order for this Court to grant the writ of mandamus. "A court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, ¶ 9.

**{¶3}** Mr. Davis' complaint alleges that he is entitled to a writ of mandamus compelling Judge Janas to vacate the September 1999 order because he abused his discretion in entering it.

**{¶4}** With respect to alleged legal errors, it is well-established that mandamus cannot be used as a substitute for appeal to challenge a trial court's actions. *State ex rel. Richfield v. Laria*, 138 Ohio St.3d 168, 2014-Ohio-243, ¶ 11. Appeal from an adverse judgment constitutes an adequate remedy in the ordinary course of law. *State ex rel. Caskey v. Gano*, 135 Ohio St.3d 175, 2013-Ohio-71, ¶ 5. This remains the case even when "pursuing such process would encompass more delay and inconvenience than seeking a writ of mandamus." *State ex rel. Ohio Academy of Trial Lawyers v. Sheward*, 86 Ohio St.3d 451, 521 (1999), quoting *State ex rel. Zupancic v. Limbach*, 58 Ohio St.3d 130, 134 fn.2 (1991). Mr. Davis could have raised his claims in an appeal from that order. *See, e.g., State ex rel. Plant v. Cosgrove*, 119 Ohio St.3d 264, 2008-Ohio-3838, ¶ 5. To the extent he claims that he just learned of this order, he could seek leave to appeal. He cannot, however, seek mandamus relief as a substitute to appeal of this order.

**{¶5}** Even if all of the factual allegations of Mr. Davis's complaint are presumed true, and all reasonable inferences are made in his favor, it appears beyond doubt that Mr. Davis cannot demonstrate that he is entitled to a writ of mandamus because of the existence of adequate remedies in the ordinary course of law. Judge Janas' motion to dismiss is, therefore, granted.

**{¶6}** The motion to dismiss is granted, and this case is dismissed. Costs are taxed to Mr. Davis. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

IAN R. DAVIS, Pro se, Relator.

DENNIS P. WILL, Prosecuting Attorney, and CARA M. FINNEGAN, Assistant Prosecuting Attorney, for Respondent.