[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Davis v. Janas*, Slip Opinion No. 2020-Ohio-1462.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-1462

THE STATE EX REL. DAVIS, APPELLANT, *v.* JANAS, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Davis v. Janas*, Slip Opinion No. 2020-Ohio-1462.]

*Mandamus—Nunc pro tunc sentencing entry—Judge patently and unambiguously lacked jurisdiction to change defendant's sentence after defendant's sentence had been affirmed on appeal—Court of appeals' judgment dismissing complaint reversed and cause remanded.*

(No. 2019-1239—Submitted January 28, 2020—Decided April 16, 2020.)

APPEAL from the Court of Appeals for Lorain County,
No. 19CA011500, 2019-Ohio-3134.

_____

**Per Curiam.**

{¶ 1} Appellant, Ian D. Davis, appeals the judgment of the Ninth District Court of Appeals dismissing his complaint for a writ of mandamus against appellee, former Lorain County Court of Common Pleas Judge Thomas W. Janas.  Because

Davis's complaint sufficiently alleges that the judge patently and unambiguously lacked jurisdiction to change Davis's sentence after the sentence had been affirmed on appeal, we reverse the Ninth District's judgment and remand the case to that court for further proceedings.

**Background**

{¶ 2} In 1994, in Lorain County Common Pleas case No. 93CR043666, the trial court sentenced Davis following his aggravated-murder conviction to life in prison with parole eligibility after 20 years, with credit for 340 days. The trial court ordered Davis to serve that sentence consecutively to his sentence in Lorain County Court of Common Pleas case No. 91CR040924 (an indeterminate prison term of 8 to 15 years). The court of appeals affirmed Davis's conviction and sentence. *State v. Davis*, 9th Dist. Lorain No. 94CA005989, 1996 WL 121998 (Mar. 20, 1996).

{¶ 3} In 2018, the Adult Parole Authority informed Davis that the trial court had issued a nunc pro tunc entry in 1999 stating that his sentence for aggravated murder was 20 *full* years to life. Specifically, the entry stated that "the Court's sentencing entry is hereby amended nunc pro tunc to indicate that Defendant is sentenced to life in prison with parole eligibility after Defendant has served 20 full years." Davis has averred that he did not know that his sentence had been changed until 2018 when the Adult Parole Authority told him about the nunc pro tunc entry. He subsequently requested a copy of the nunc pro tunc entry from the Lorain County Clerk of Courts.

{¶ 4} On April 18, 2019, Davis filed a complaint for a writ of mandamus in the Ninth District Court of Appeals, arguing that the 1999 nunc pro tunc entry erroneously increased his sentence and asserting that the trial court patently and unambiguously lacked jurisdiction to issue the entry after the court of appeals had affirmed his sentence. Davis contended that he is entitled to a writ of mandamus ordering the trial court to vacate the nunc pro tunc entry and "reinstate the original sentence of life with parole eligibility after 20 years."

{¶ 5} The judge filed a motion to dismiss Davis's complaint pursuant to Civ.R. 12(B)(6). In the motion, the judge disputed that the 1999 nunc pro tunc entry had changed Davis's sentence, arguing that the entry merely clarified Davis's original sentence. The judge further contended that "even if the * * * 1999 nunc pro tunc order did inappropriately substantively change the original judgment," Davis cannot prevail in mandamus because he has an adequate remedy by way of appealing the nunc pro tunc entry. Finally, the judge asserted that the issue is moot because Davis is now eligible for parole regardless of whether his sentence is life in prison with parole eligibility after 20 years or after 20 full years.

{¶ 6} The court of appeals granted the judge's motion to dismiss the complaint, determining that Davis had an adequate remedy in the ordinary course of the law. The court did not address Davis's claim that the trial court patently and unambiguously lacked jurisdiction to increase his sentence after it had been affirmed on appeal.

**Parole eligibility after 20 years vs. parole eligibility after 20 *full* years**

{¶ 7} Davis was convicted of aggravated murder in 1994 in violation of R.C. 2903.01(A). At that time, the offense carried a mandatory sentence of life in prison with parole eligibility after 20 years. *See* former R.C. 2929.03(A),[1] Am.Sub.S.B. No. 1, 139 Ohio Laws, Part I, 1, 9, effective October 19, 1981. An offender could be sentenced to life in prison with parole eligibility after 20 *full* years only if he was convicted of aggravated murder with an aggravating circumstance. *See* former R.C. 2929.03(C)(2), Am.Sub.S.B. No. 1, 139 Ohio Laws, Part I, at 10.[2]

---

1. Former R.C. 2929.03(A) provided: "If the indictment or count in the indictment charging aggravated murder does not contain one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of the Revised Code, then, following a verdict of guilty of the charge of aggravated murder, the trial court *shall impose a sentence of life imprisonment with parole eligibility after serving twenty years* of imprisonment on the offender." (Emphasis added.)

2. Under former R.C. 2929.03(C)(2), a conviction for aggravated murder with an aggravating circumstance called for one of three sentences: "If the indictment or count in the indictment contains one or more specifications of aggravating circumstances listed in division (A) of section 2929.04 of

Davis's original 1994 sentencing entry indicates that he was convicted of aggravated murder without any aggravating circumstances. Thus, in 1994, he was correctly sentenced to life in prison with parole eligibility after 20 years.

{¶ 8} The difference between a sentence of life in prison with parole eligibility after 20 years and life in prison with parole eligibility after 20 *full* years is the offender's ability to reduce the base sentence by earning certain types of credit. *Compare* Ohio Adm.Code 5120-2-10(D)(1) and (E)(1). Sentences in which the offender is eligible for parole after 20 years are subject to diminution for certain types of good behavior and prison-program participation, whereas sentences of life in prison with parole eligibility after 20 full years are not and may be reduced only by the amount of jail-time credit awarded. *Id.*

### Legal analysis

{¶ 9} To be entitled to a writ of mandamus, Davis must establish that (1) he has a clear legal right to the relief requested, (2) the judge has a clear legal duty to perform the requested act, and (3) Davis has no adequate remedy in the ordinary course of the law. *State ex rel. Marsh v. Tibbals*, 149 Ohio St.3d 656, 2017-Ohio-829, 77 N.E.3d 909, ¶ 24. He must prove his entitlement to the writ by clear and convincing evidence. *State ex rel. O'Grady v. Griffing*, 140 Ohio St.3d 290, 2014-Ohio-3687, 17 N.E.3d 574, ¶ 11.

*Patent and unambiguous lack of jurisdiction*

{¶ 10} The general rule is that mandamus will not lie in cases in which the relator already possesses an adequate legal remedy. *State ex rel. Dannaher v. Crawford*, 78 Ohio St.3d 391, 393, 678 N.E.2d 549 (1997). But when there is a patent and unambiguous lack of jurisdiction, such extraordinary relief is warranted

---

the Revised Code, and if the offender is found guilty of both the charge and one or more of the specifications, the penalty to be imposed on the offender shall be death, life imprisonment with parole eligibility after serving twenty *full* years of imprisonment, or life imprisonment with parole eligibility after serving thirty full years of imprisonment * * *." (Emphasis added.)

"to prevent any future unauthorized exercise of jurisdiction and to correct the results of prior jurisdictionally unauthorized actions, notwithstanding the availability of appeal." *Id.* at 393. Thus, whether Davis has an adequate remedy at law is irrelevant if the trial court patently and unambiguously lacked jurisdiction to issue the 1999 nunc pro tunc entry changing his sentence.

{¶ 11} A court of common pleas "has original jurisdiction over all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." R.C. 2931.03; *see State ex rel. Mason v. Griffin*, 104 Ohio St.3d 279, 2004-Ohio-6384, 819 N.E.2d 644, ¶ 15-16; Ohio Constitution, Article IV, Section 4. But the trial court's jurisdiction over a criminal matter is limited once the proceedings are complete. Generally, a trial court loses jurisdiction to modify its judgment once that judgment has been affirmed on appeal. *See State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 378 N.E.2d 162 (1978). Relief from final judgments in criminal cases is confined to the procedures authorized by statute or rule.[3] *See State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, ¶ 37 ("*Special Prosecutors* does not bar the trial court's jurisdiction over posttrial motions permitted by the Ohio Rules of Criminal Procedure"). Outside of those procedures, there is no statute or criminal rule permitting a trial court to sua sponte substantively change a defendant's sentence after that sentence has been affirmed on direct appeal.

{¶ 12} In this case, the trial court invoked Crim.R. 36 as a basis for its action, labeling the 1999 entry a "nunc pro tunc" entry. That rule provides:

---

3. *See*, *e.g.*, Crim.R. 29(C) (motion for acquittal after verdict or discharge of the jury); Crim.R. 32.1 (motion to withdraw guilty plea); R.C. 2951.08 and Crim.R. 32.3 (probation-revocation proceedings); R.C. 2953.03 and Crim.R. 33 (motion for a new trial); Crim.R. 34 (motion in arrest of judgment); R.C. 2953.21 and Crim.R. 35 (postconviction relief); R.C. 2929.19 (petition for early release); R.C. 2929.20 (judicial release); R.C. 2929.191 (correction of judgment to include postrelease-control-supervision notification); and Crim.R. 36 (motion to correct clerical mistakes).

"Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time."  A clerical error or mistake refers to " ' "a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal decision or judgment." ' "  *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15, quoting *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19, quoting *State v. Brown*, 136 Ohio App.3d 816, 819-820, 737 N.E.2d 1057 (3d Dist.2000).

{¶ 13} A nunc pro tunc entry may not be used to make substantive changes to an offender's sentence.  *Id.* at ¶ 16-17.  Nunc pro tunc entries are " 'limited in proper use to reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide.' "  *State ex rel. Mayer v. Henson*, 97 Ohio St.3d 276, 2002-Ohio-6323, 779 N.E.2d 223, ¶ 14, quoting *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164, 656 N.E.2d 1288 (1995).

{¶ 14} We confronted a similar situation in *State ex rel. Mayer v. Henson*. In that case, the trial court had sentenced an offender to consecutive prison terms. *Id.* at ¶ 1.  The court subsequently issued a nunc pro tunc entry changing the sentence to permit the terms to be served concurrently.  *Id*. at ¶ 3.  The prosecuting attorney filed a complaint for a writ of mandamus or prohibition, alleging that the judge patently and unambiguously lacked jurisdiction to modify the sentence.  *Id.* at ¶ 8.  The court of appeals dismissed the complaint, determining that the prosecuting attorney had an adequate remedy by way of appeal.  *Id.* at ¶ 9.  We reversed and remanded the case on the basis that the prosecuting attorney had sufficiently alleged that the trial court patently and unambiguously lacked jurisdiction to modify a final sentence by way of a nunc pro tunc entry.  *Id.* at ¶ 14, 17-18.

*Davis has stated a meritorious claim for relief*

{¶ 15} Davis's complaint states a meritorious claim that the trial court patently and unambiguously lacked jurisdiction to change his sentence after his sentence had been affirmed on appeal. In support of this claim, he has attached the original 1994 sentencing entry showing that he was convicted of aggravated murder without any aggravating circumstances and that the court imposed a sentence of life in prison with parole eligibility after 20 years. He also included a partial transcript from his sentencing hearing, likewise demonstrating that the trial court imposed a sentence of life in prison with parole eligibility after 20 years—which was the mandatory sentence for his offense. *See* former R.C. 2929.03(A), Am.Sub.S.B. No. 1, 139 Ohio Laws, Part I, at 9. And he has submitted the 1999 nunc pro tunc entry changing his sentence to life in prison with parole eligibility after 20 *full* years.

{¶ 16} Despite the judge's contention that the nunc pro tunc entry did not change Davis's sentence, he acknowledged in his motion to dismiss that the original 1994 sentencing entry "sentenced relator to life in prison with parole eligibility after twenty years" and that the 1999 nunc pro tunc entry "amends the entry to reflect 'Defendant is sentenced to life in prison with parole eligibility after Defendant has served 20 full years.' " Thus, the judge appears to concede some facts demonstrating that the nunc pro tunc entry changed Davis's sentence from life in prison with parole eligibility after 20 years to life in prison with parole eligibility after 20 full years.

{¶ 17} Moreover, we do not think the issue is moot simply because Davis has become eligible for parole. Davis is still serving his sentence. He is entitled to serve the correctly imposed sentence and receive any credits and reductions to his sentence that he may have earned for program participation and good behavior.

{¶ 18} We conclude that the court of appeals erred in dismissing Davis's complaint. We therefore reverse the judgment of the court of appeals and remand the cause to that court for further proceedings. *Mayer*, 97 Ohio St.3d 276, 2002-

Ohio-6323, 779 N.E.2d 223, at ¶ 18, quoting *Fogle*, 74 Ohio St.3d at 163, 656 N.E.2d 1288 (" 'Generally, reversal of a court of appeals' erroneous dismissal of a complaint * * * requires a remand to that court for further proceedings' ").

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

———————————

Ian D. Davis, pro se.

Dennis P. Will, Lorain County Prosecuting Attorney, and Cara M. Finnegan, Assistant Prosecuting Attorney, for appellee.

———————————