[Cite as *State v. Stewart*, 2022-Ohio-1312.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 110547 |
| v. | : | |
| LARRY STEWART, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 21, 2022

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-96-340429

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Tasha L. Forchione, Assistant Prosecuting Attorney, *for appellee.*

Larry Stewart, *pro se.*

EMANUELLA D. GROVES, J.:

{¶ 1} Larry Stewart appeals the issuance of a nunc pro tunc sentencing entry, in which the trial court altered the phrasing of the 25-year-old sentence on an aggravated murder count to read: "[d]efendant sentenced to Lorain Correctional Institution for life imprisonment with parole eligibility after serving 30-full years of

imprisonment." Stewart claims that the trial court erred by imposing the sentence as stated, instead of imposing "30-years to life." For the following reasons, we affirm.

{¶ 2} Stewart was originally sentenced to prison for "30-years to life" for aggravated murder with capital and firearm specifications in 1997. The conviction stemmed from a home invasion robbery resulting in the murder of one victim, and the shooting of another, among other crimes, and sentences to be consecutively served. *State v. Stewart*, 8th Dist. Cuyahoga No. 73255, 1998 Ohio App. LEXIS 5462 (Nov. 19, 1998). Since that time, he has filed several postconviction motions and appeals culminating in *State v. Stewart*, 8th Dist. Cuyahoga No. 109498, 2020-Ohio-6743 ("*Stewart*"), in which Stewart challenged the legal validity of the sentence imposed by the trial court. *Id.* at ¶ 2-3. In that appeal, Stewart claimed that the imposed sentence of "30-years to life" was contrary to law because R.C. 2929.03(D)(2), under which Stewart was sentenced, required the sentence to be "life imprisonment with parole eligibility after serving thirty full years of imprisonment." *Id.* at ¶ 3.

{¶ 3} Under R.C. 2929.03(D)(2), as deemed applicable by the Ohio Supreme Court in a writ of mandamus Stewart filed challenging the validity of his sentence in the underlying case, the legislature codified the procedure through which a jury recommends a sentence in a capital case. *State ex rel. Stewart v. Russo*, 145 Ohio St.3d 382, 2016-Ohio-421, 49 N.E.3d 1272, ¶ 12 (noting that the language of R.C. 2929.03(D)(2) had not been changed since the time of Stewart's original

conviction). R.C. 2929.03(D)(2) provides that if the trial jury recommends that the offender be sentenced to life imprisonment with parole eligibility after serving 30-full years of imprisonment, then "'the court shall impose the sentence recommended by the offender.'" *Id.*[1] The Ohio Supreme Court affirmed this court's decision denying Stewart's writ of mandamus seeking to invalidate the imposed sentence. *Id.* at ¶ 20.

{¶ 4} Following the denial of relief through the writ of mandamus, Stewart again challenged his sentence with the trial court and through a subsequent appeal, claiming the sentence to be void. The *Stewart* panel overruled the arguments presented, concluding that the recent decisions in *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 1, and *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 4, precluded Stewart from challenging the validity of his sentence decades after the fact of conviction. *Id.* at ¶ 7. Nonetheless, the panel noted that Stewart had conceded that the proper sentence had been announced at his sentencing hearing, suggesting that the trial court possessed continuing jurisdiction to issue a nunc pro tunc sentencing entry to let the record reflect that which occurred. *Id.* at ¶ 7, fn. 1, citing *State v. Qualls*, 131

---

[1] Under R.C. 2929.03(D)(2)(a), if the jury is unable to determine that the aggravating circumstances outweigh the mitigating factors with respect to the capital specification, the jury shall, in pertinent part, recommend that the offender be sentenced to "to life imprisonment without parole, life imprisonment with parole eligibility after serving twenty-five full years of imprisonment, or life imprisonment with parole eligibility after serving thirty full years of imprisonment." Of the three authorized sentences in this particular case, the jury chose the latter, *Russo* at ¶ 12.

Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 15 and *State v. Sandidge*, 8th Dist. Cuyahoga No. 109277, 2020-Ohio-1629.

{¶ 5} Stewart accepted the panel's invitation and filed a motion to correct the sentencing entry expressly through the nunc pro tunc mechanism. In April 2021, the trial court issued the disputed nunc pro tunc entry upon Stewart's request, amending in pertinent part the sentence imposed on the aggravated murder count from "a sentence of 30-years to life," to "life imprisonment with parole eligibility after serving 30-full years of imprisonment"; the relief Stewart had originally requested in *Stewart* and the sentence expressly required under R.C. 2929.03(D)(2)(a).

{¶ 6} Stewart now appeals the issuance of the nunc pro tunc entry, claiming that the entry violated his rights under Crim.R. 43 by modifying his sentence outside of his presence and that the use of the nunc pro tunc mechanism to substantively alter his prison sentence was beyond the ambit of a clerical error because the court imposed a sentence of "30-full years" instead of "30-years to life."[2] Beyond the fact that Stewart is now requesting the very sentence he sought to vacate in *Stewart*, we need not address the merits of Stewart's latest arguments. At the least, Stewart

---

[2] In *State ex rel. Newell v. Cuyahoga Cty. Court of Common Pleas*, 165 Ohio St.3d 341, 2021-Ohio-3662, 179 N.E.3d 84, ¶ 16, relying on *State ex rel. Davis v. Janas*, 160 Ohio St.3d 187, 2020-Ohio-1462, 155 N.E.3d 822, ¶ 8, the Ohio Supreme Court reiterated the difference between a sentence of life in prison with parole eligibility after 20 years and life in prison with parole eligibility after 20 full years as being the offender's ability to reduce the minimum term through earning certain credits on the former sentence. Since R.C. 2929.03(D)(2)(a) required the trial court to impose 30 full years in this particular case, we needed not revisit this distinction.

invited the error upon which his arguments are based by requesting that the trial court issue a nunc pro tunc entry to reflect the correct sentence under R.C. 2929.03(D)(2). Regardless, and more important, the trial court's nunc pro tunc sentencing entry is authorized by law.

{¶ 7} The invited-error doctrine provides that a litigant may not "'take advantage of an error which he himself invited or induced.'" *State v. Grate*, 164 Ohio St.3d 9, 2020-Ohio-5584, 172 N.E.3d 8, ¶ 197, quoting *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co., Lincoln-Mercury Div.*, 28 Ohio St.3d 20, 502 N.E.2d 590 (1986), paragraph one of the syllabus. The Ohio Supreme Court has long "'found invited error when a party has asked the court to take some action later claimed to be erroneous, or affirmatively consented to a procedure the trial judge proposed.'" *State v. Ford*, 158 Ohio St.3d 139, 2019-Ohio-4539, 140 N.E.3d 616, ¶ 279, quoting *State v. Campbell*, 90 Ohio St. 3d 320, 324, 738 N.E.2d 1178 (2000).

{¶ 8} In this case, even if we took the extraordinary step of presuming that the trial court erred by issuing the nunc pro tunc entry and by imposing an incorrect sentence, Stewart received the specific relief he requested, through the mechanism of his choosing. No reversible error on either point can arise therefrom.

{¶ 9} Moreover, and as already alluded to, the trial court's imposition of the "life imprisonment with parole eligibility after serving 30 full years of imprisonment" sentence upon the aggravated murder count is legally correct, parroting the legislature's phrasing from R.C. 2929.03(D)(2)(a) — the sentencing provision deemed applicable in *Russo*, 145 Ohio St.3d 382, 2016-Ohio-421, 49

N.E.3d 1272, at ¶ 12. Even if we ignored the fact that the court's action was at Stewart's express request, the modification of the sentence was legally correct since the trial court orally announced that sentence at the final sentencing hearing back in 1997. *Stewart,* citing *Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, at ¶ 15, and *Sandidge*, 8th Dist. Cuyahoga No. 109277, 2020-Ohio-1629. Any other errors under Crim.R. 43 in the process of reaching this correct result, would therefore, be harmless. *State v. Williams*, 6 Ohio St.3d 281, 287, 452 N.E.2d 1323 (1983), citing Crim.R. 52(A) (defendant's lack of attendance at the trial proceeding as required under Crim.R. 43(A) was harmless error as defined under Crim.R. 52(A) based on the lack of prejudice).

{¶ 10} Stewart's assignments of error are overruled, and the final entry of conviction as it stands through the nunc pro tunc entry is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MICHELLE J. SHEEHAN, P.J., and
MARY J. BOYLE, J., CONCUR